Leeman v. Page.

---

## H. T. LEEMAN *et al.* v. JOHN PAGE *et al.*

### No. 15,829.    (100 Pac. 504.)

#### SYLLABUS BY THE COURT.

79    479
f82    738

1. ACCOUNTING—*Trustee and Beneficiary.* A surety on a bond was required to make a payment for his principal, who assigned to him a note for indemnity, any surplus realized therefrom to be returned. The surety placed the note in judgment and bought in a town lot on execution sale. He then bought for $1500 a note for that amount secured by a trust deed on the same lot, had a sale made thereunder, and again bought the property in for $500. There was no specific evidence of the value of the note after crediting it with the proceeds of this sale, and the circumstances tended to indicate that it was

not regarded as having any considerable value. He then sold the lot, his deed reciting a consideration of $5300. The evidence showed that he received only $3500 in cash, and that the buyer gave also some property in the transaction. It was not shown distinctly that the surety received this property, nor what it was worth. *Held*, in an action by the principal for an accounting, that under the circumstances of the case (*a*) the surety could not complain on review that the trial court charged him with the amount recited as the consideration of the deed; but (*b*) he should have been given credit for the amount he paid for the 1500-dollar note, less any actual value represented by the note after the proceeds of the sale under the trust deed had been credited thereon.

2. PRACTICE, SUPREME COURT—*Judgments—Modification.* In an action for an accounting involving numerous transactions, where error is shown only with reference to one particular transaction, which is so distinct from the rest that its effect upon the account can readily be examined into and determined as a separate matter, this court may remand the case for further proceedings with respect to this matter only, confirming the results already reached in all other respects.

Error from Cherokee district court; CORB A. MC-NEILL, judge. Opinion filed February 6, 1909. Modified.

*Edward E. Sapp, Samuel McReynolds,* and *John Halliburton,* for plaintiffs in error.

*William F. Sapp, A. S. Wilson,* and *A. L. Majors,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: H. T. Leeman, C. F. Prehm and John Page were sureties for W. L. Harper upon a bond. A liability accrued thereon which they were required to pay. To indemnify them Harper assigned to Leeman for their benefit some notes and accounts, any amount realized thereon beyond what was necessary for that purpose to be returned to him. Among these notes were several given by one M. L. Hardin, for the aggregate amount of about $1000. Leeman put these notes in judgment in a Missouri court, caused execution to

be issued and levied on a town lot, which he bid in for $10, receiving a sheriff's deed therefor. There was at the time a trust deed against this lot securing a note executed by Hardin for $1500. Leeman and Prehm bought this note, paying $1500 therefor, caused the property to be sold under the trust deed, bid it in for $500, and received another deed. They treated the property as their own, derived some revenue from it, and finally sold it. Page and Harper, on learning of this transaction, sued Leeman and Prehm, claiming that its proceeds should be considered as money collected on the judgment against Hardin. This claim was sustained in *Page v. Harper*, 73 Kan. 229, 84 Pac. 1024, 117 Am. St. Rep. 465, where the first judgment rendered in the case was reversed, the cause being remanded for an accounting on this basis. A new trial resulted in a judgment in favor of Page and Harper, from which Leeman and Prehm now prosecute error.

Findings of fact were made in full detail. Although many of them are vigorously attacked, we conclude they were all supported by direct evidence or by inferences reasonably to be drawn from the circumstances shown, with one exception, to be noted later. Only two of the propositions argued seem to involve debatable questions of law or to require special discussion. One relates to the amount with which Leeman and Prehm should be charged as the selling price for the town lot; the other to the amount with which they should be credited in connection with the purchase of the trust deed and the proceedings under it.

When they sold the lot they executed a deed reciting a consideration of $5300. They admit receiving $3500, and that is conceded to have been all that was paid in cash. There was evidence, however, tending to show that in addition to this the purchasers gave a quarter-section of land and a patent right, and that the deed was not made directly to the real purchaser, but at his request to an intermediary—the Wisby Realty Com-

31—79 KAN.

pany, which appears to have acted as an agent in the transaction. Leeman and Prehm claim that they should have been charged with only $3500, first, because there is no evidence that they received anything more than that, and, second, because there was no evidence of what the quarter-section of land and the patent right were worth, or that they were worth anything. These contentions fail because the recital of the consideration in the deed was in itself some evidence of the amount obtained by the grantors. True, it was open to explanation and contradiction, but it was incumbent upon Leeman and Prehm, in order to overcome the *prima facie* aspect of the matter, to produce evidence that was necessarily conclusive in law or which the court should find to be convincing in fact. They were, moreover, in the attitude of trustees who had attempted to use the property of their beneficiaries for their own advantage. The court has a right to expect of them a full and fair disclosure, free from concealment or evasion. The best that can be said of their evidence on this subject is that it raised a doubt whether they had received anything more than the cash payment, and, if so, what the value was of the additional consideration. Under these circumstances they can not effectually complain here of the finding against them on this point.

The other question which has already been spoken of as debatable seems properly resolvable in favor of the plaintiffs in error. Having acquired a sheriff's deed to Leeman under the execution sale, they bought the outstanding note secured by a trust deed on the property, paying $1500 for it. They then bought it in for $500, which was of course credited on the Hardin note. The trial court credited them with but $500 on this transaction, because, although they had paid out $1500 in cash, they still had the note against Hardin, on which $1000 remained unpaid, and which was found without direct evidence on the subject to be worth that amount. Inasmuch as they did not conclusively establish that this balance was uncollectable there might seem to be

room for the operation of the principle just applied—
that as trustees responding to the demand of their
beneficiaries for an accounting they were under an ob-
ligation to make a full disclosure and to remove all
doubts by affirmative and convincing evidence.    But
here the situation is very different from that arising on
the sale of the property.   The question of what they
actually received, and what it was worth, was one neces-
sarily forced upon their attention, an answer to which
was imperative.   The value of the claim against Hardin
for the balance due upon the note after the sale of the
property under the trust deed was incidental and may
well have been overlooked.   Moreover, while perhaps
there may be a faint presumption in the absence of any
showing that a personal claim against any one is worth
its face value, the entire proceedings in this case at
least tend strongly to suggest that Hardin was insolv-
ent.    After the sale of the property on execution a
further sum of $300 was collected on the Hardin judg-
ment, but the deficiency remaining seems not to have
been regarded by any one as a valuable asset.   That
Leeman and Prehm never offered to assign the bal-
ance of the 1500-dollar note to Page is not especially
significant, for if it was assumed on all sides that the
note was valueless their neglect to make the offer can
hardly have the effect of a refusal.   Moreover, while
their contention in that respect has been determined
not to have been well founded, they have always de-
nied being accountable to Harper and Page in the
transaction in relation to the trust deed.   It must be
remembered that this is not the case of the use of trust
funds in the purchase of a note as a speculation.   After
Leeman, acting for the protection of himself, his co-
sureties and his principal, had bought the town lot on
execution, it was natural if not necessary for the fur-
ther protection of their interests that the outstanding
trust deed should be taken care of.   The 1500-dollar
note obviously was purchased for this reason.   When it
was bought it was doubtless worth what was paid for

it, because it was secured by the lien on the property. The sale under the trust deed was really a mere clearing of the title. Leeman and Prehm owned the land, and they owned the lien. So far as concerned the obtaining of the property it was a matter of indifference to them how much it sold for. The selling price up to $1500 would go to them in virtue of their ownership of the note, and any surplus would go to Leeman because the title to the lot was in him. There could be no object in bidding against them except to cut down the personal obligation that would remain against Hardin. Granting that a valid demand remained against Hardin for the deficiency, to charge Leeman and Prehm with its amount as so much cash would under all the circumstances be unduly harsh in view of the fact that their conduct throughout, although held to be blamable, does not necessarily exhibit actual turpitude.

The question whether this charge should be made, however, is entirely separate and distinct from any other part of the controversy, and the ruling of the trial court may be changed in this respect without affecting any other part of the judgment. In this situation it is unnecessary to disturb the results of the litigation so far as they are unaffected by the ruling referred to. The judgment rendered will be modified to the extent only of reopening the question whether Leeman and Prehm should be charged with the unpaid balance of the 1500-dollar note. The cause is remanded with directions that if within a time to be fixed by the district court they shall assign and deliver this note to Harper the judgment against them shall be diminished by the amount of the $1000 and interest with which they were charged on account of their having retained it; if the note is not so assigned, the court to reëxamine the question as to what charge should be made against them on that account, and render judgment accordingly. The costs in this court will be divided.