LEE MCCULLOUGH *et al., a Partnership, etc., Appellees,* v. THE S. J. HAYDE CONTRACTING COMPANY *et al., Appellants.*

No. 16,588.

### SYLLABUS BY THE COURT.

1. CONTRACTS—*Performance Except in Certain Particulars— Damages—Expense of Completing Contract.* A subcontract for plumbing and heating work in a building, amounting to over $7000, was performed except in certain particulars. A comparatively small expenditure was necessary to supply the omissions and remedy the defects. It is *held,* that the reasonable expense necessary to make the work conform to the contract is the proper measure of damages to be allowed to the owner upon his counterclaim in an action against him for the contract price.

2. EVIDENCE — *Opinions and Conclusions — Immaterial Error.* The admission in evidence of a general statement of the contractor to the effect that he had performed the contract fully is not prejudicial, when testimony relating to the various items is given and findings are made thereon relating to all the defects pleaded in the answer.

3. ——— *Collateral to the Issue—Cross-examination.* It was not error to restrict the evidence to the particular defects pleaded.

4. PRACTICE, DISTRICT COURT — *Consolidation of Actions — Amendment of Pleadings—Discretion.* The refusal of the court to permit the consolidation of this action with another action in which another party was impleaded, and in refusing to allow an amendment of the answer, were within the discretion of the court, which, in the circumstances shown, was not improperly exercised.

Appeal from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed June 11, 1910. Modified.

*A. L. Wilmoth, F. W. Sturges,* and *F. W. Sturges, jr.,* for the appellants.

*C. C. Coleman, F. L. Williams, Park B. Pulsifer,* and *Charles L. Hunt,* for the appellees.

The opinion of the court was delivered by

BENSON, J.: This action is by a subcontractor for the foreclosure of a mechanic's lien. The S. J. Hayde Contracting Company entered into a contract with the Nazareth Convent and Academy to erect a building for the latter. The plaintiffs, McCullough and Bateman, entered into a subcontract for the plumbing work and to supply and place the heating apparatus in the building. Payments were made to the subcontractors as the work progressed, amounting to $3800, and having, as they alleged, completed the work, they sued for the balance claimed upon the contract price and for extra work. The contracting company answered by admitting the subcontract, and alleging that it had not been faithfully performed by the plaintiffs, specifying eight particulars wherein they had failed, and pleading the alleged defects. The answer then stated:

"That by reason of the failure of the plaintiffs to perform the work and furnish the materials in manner and form and to the effect as required by said contract and specifications in the particulars enumerated, the defendants have suffered damage in the sum of $500."

The answer concluded with an offer to allow judgment for $3090, the amount sued for less the damages so claimed.

Before the trial the defendants moved for an order consolidating this action with another action previously commenced in the same court by the contracting company against McCullough and Bateman and their sureties for damages for the alleged failure of the plaintiffs in the present action to perform the subcontract. This motion was denied.

At the term in which the case stood for trial and in which it was tried the defendants asked leave to amend their answer instanter, by setting out more in detail the defects and defaults complained of. This was refused, on the ground that the proposed amendment

would unsettle the issues and might compel a continuance.

At the trial one of the plaintiffs was permitted to testify generally, over the defendants' objection, that they had done everything they had agreed to do under their contract, and had complied with all the specifications. The defendants attempted to cross-examine the witness, by inquiring into details of construction and workmanship not included in the particular specifications of defects in the answer, but were not permitted to do so.

Error is assigned upon the refusal to consolidate, the refusal of leave to amend the answer, and upon the rulings relating to the testimony just referred to.

The proposed consolidation was properly denied. Another party had been impleaded in the other action, and it is not apparent why that action should be prosecuted after the defendants had confessed by their pleading in this action that they still owed the plaintiffs over $3000 on the contract, after deducting the damages claimed.

The refusal to allow the amendment was within the discretion of the court. It will be noticed that it was not proposed to allege any other defects than those specified, but only to set out in greater detail those already pleaded. On examination the answer shows that they were already sufficiently described.

The general statement of the witness to the effect that the agreement had been performed was not prejudicial. There was a full opportunity to cross-examine him upon all matters within the specifications, and the court heard evidence upon the various items and made full findings concerning them.

The evidence was properly confined to the issues made. To have permitted an inquiry into other details of the work in this great building would have been a useless waste of time, since only certain particular defects were claimed.

In the findings of the court some of the claims of the plaintiffs for extra work were not sustained. Certain claims of the defendants for damages were sustained, but the larger part was disallowed. Judgment was entered for the plaintiffs for more than the amount specified in the defendants' offer.

It was alleged in the specifications of defects that the steam risers in the exhibition room were left badly out of plumb, were not uniform, and were not placed according to the contract. Concerning this matter the court found:

"The plaintiffs so constructed the steam risers in what is called the front entrance room of said chapel building that they are out of plumb, as alleged by the defendants' seventh specification for damages in the answer, so that one of the said risers is out of plumb about three inches in a rise of about twenty-five feet, and the other is out of plumb about five inches in a rise of about twenty-five feet. There is no evidence to the effect that these defects in any way affect the utility of said risers of the heating plant, and no evidence was offered to show the difference in value of the building in question caused by these defects."

In view of the magnitude and cost of this building, and the purposes for which it was designed, it must be a grievous disappointment to its owners and the patrons of the institution to find in the front entrance to one of its principal rooms objects so out of harmony and offensive to the eye as these risers, thus deflected from their true position. Beauty and symmetry as well as utility were doubtless taken into consideration in making the plans and entering into the contract. We can not hold that the contract was complied with in this respect, nor can we approve the rule of damages suggested by the court. The cost of the building is not shown, but the heating and plumbing work alone amounted to over $7000. The evidence showed that to remove the defective parts and do the work properly, as provided in the contract, and restore the building to

47—82 KAN.

a proper condition, would cost less than $300. If it should cost much more it ought to be done, and the reasonable expense of doing so in a workmanlike manner, and of complying with the contract in this respect, is a correct measure of damages in the situation here presented. The measure of damages suggested by the trial court, while applicable in a proper case, is not always exclusive, even when applicable. (*Kerns v. Kansas City,* 79 Kan. 562.) Where only particular items are necessary to complete a contract of this nature, otherwise substantially performed, a proper measure of damages is the reasonable expense of supplying the omissions or remedying the defects. (3 Suth. Dam., 3d ed., § 699; *Smith & Nelson v. Bristol,* 33 Iowa, 24; *Haysler et al. v. Owen,* 61 Mo. 270; *Keeler v. Herr,* 157 Ill. 57.) This rule is applicable to the present case, where the expense of replacing the defective parts is small as compared with the contract price, and is certainly favorable to the contractor.

Some other matters were discussed in the argument, but they are not considered material.

For the error in refusing to allow damages under the seventh specification of the answer the judgment must be modified, and the cause is remanded for a new trial of the issues presented by that part of the answer only. (Code 1909, § 307; *Leeman v. Page,* 79 Kan. 479.) The amount of the damages found upon such retrial must be deducted from the amount of the judgment.