D. T. BROOKS, *Appellee,* v. INDA F. BROOKS, *as Executrix, etc., Appellant.*

No. 17,581.

SYLLABUS BY THE COURT.

1. ACCOUNTING—*Evidence—Counter Claim—Verdict—Error.* In an action involving the settlement of mutual accounts, where an entire counter claim is disallowed, although a large part of it was supported by uncontroverted competent evidence, and the plaintiff's account was allowed for the full amount testified to by him less only a nominal sum, although a substantial credit had been endorsed upon it, it is held that the jury must have misapprehended the evidence and that the court should proceed to state and settle the accounts after hearing any additional evidence deemed necessary concerning any item or items and render a proper judgment thereon.

2. ———— *Same.* A jury is not required in the further proceedings directed in the above paragraph.

Appeal from Linn district court. Opinion filed April 6, 1912. Reversed.

*L. D. Mathews,* for the appellant.
*Sheppard & Morse,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action involves the settlement of mutual accounts. Stanley H. Brooks, late of Mound City, now deceased, and his father, D. T. Brooks, of Amoret, Mo., both physicians, contemplated a partnership in conducting a sanitarium at Mound City. The deceased purchased property for the proposed institution, taking the title in his own name and giving a mortgage. Doctor D. T. Brooks moved to Mound City and occupied a house belonging to his son. After some expenditures had been made preparatory to opening the sanitarium the younger doctor died. His father then presented a claim for money advanced and for other items. The administrator presented a counter claim, and after a hearing in the probate court an appeal was taken to the district court, and from a judgment there an appeal was taken to this court. The district court adopted the theory that the partnership had not been launched, and the title to the property intended for partnership uses, being taken by the deceased, his estate should repay the advances made by the appellee. Both parties presented their accounts, and it only remained to determine the balance.

Evidence was offered tending to prove an advancement by the appellee of $315 at one time, and of $100 at another time. Also, that hogs of the value of $75 belonging to the appellee had been turned over to the deceased. The last two items were admitted by the appellant. The appellee then produced an account, kept in a memorandum book, of charges against the deceased amounting to $625, being, as it appears, his entire claim except an item for paint belonging to him, amounting to $63, used by the deceased. The verdict was for $685, a little less than the amount thus shown, but the account presented in the pleadings admits a credit of cash of $71.50, and the appellant produced re-

60—86 KAN.

ceipted bills against the appellee and checks given by the deceased in payment therefor, with other evidence, showing credits amounting to about $400. Among the credits claimed was $80 for eight months' rent of the house occupied by the appellee. Some items for improvements upon the house were also included in the account, which probably ought not to be allowed in any event as rent was charged for the house. There was evidence tending to show that a pension check of the appellee had been deposited in the bank to the credit of the deceased, for which appellant claimed credit. Applying all credits and deductions, however, from the amount testified to be due upon the appellant's account, for which the evidence appears to furnish any warrant, a substantial amount appears to be due upon the counterclaim for which no deduction was made from the appellee's claim, but which was allowed for the full amount testified to by him, less only $3. This appears to have been the result of a misapprehension, as a considerable part of the counter claim was not controverted and some of it appears to have been admitted, as shown by the credit indorsed on appellee's claim. Considerable evidence was offered by the appellee tending to show the amount of money brought by him into the state and the amount taken away, and it is argued that this tends to prove inferentially the amount he had advanced to his son. This evidence seems too remote to have much weight, especially in view of the fact that he produced a book account, testified to an additional item (for paint) and stated the balance claimed to be due.

To determine in this court, if practicable, what the judgment should be, the transcript of the evidence has been examined as well as the abstracts (Civ. Code, §§ 571-581), but to avoid possible mistakes the case will be remanded to the district court, with directions to state and settle the accounts between the parties and render such judgment as may be proper. A jury is not

required.   (Civ. Code, §§ 279-288; *Kelley v. Stevens,* 58 Kan. 569, 50 Pac. 595.)   A new trial is not necessary, but further evidence that the court may desire to hear may be received in respect to any item or items.   (Civ. Code, § 280; *Leeman v. Page,* 79 Kan. 479, 100 Pac. 504.)

The judgment is reversed and the cause remanded for further proceedings.