F. H. Evans et al., Partners, etc., *Appellees*, v. R. S. Moseley et al., *Appellants*.

No. 17,719.

SYLLABUS BY THE COURT.

Appeal—*Reversal*—*Remaining Issue to be Tried.* Where upon an appeal from a judgment for the plaintiff in an action for damages for the refusal to accept and pay for cattle contracted to be purchased, a reversal is had solely by reason of the rejection of evidence upon the question of their market value, and a new trial is ordered upon the amount of damages only, the question whether the cattle were of the quality described in the contract is not to be regarded as an issue at the second trial.

Appeal from Finney district court. Opinion filed June 8, 1912. Affirmed.

*O. H. Foster, T. F. Garver,* and *R. D. Garver,* for the appellants.

*William Easton Hutchison,* and *C. E. Vance,* for the appellees.

The opinion of the court was delivered by

MASON, J.: F. H. and H. J. Evans sued R. S. Moseley and E. S. Downs for a failure to accept and pay for certain cattle which they had contracted to buy at a stated price. The plaintiffs recovered judgment. Upon appeal a reversal was had because of the rejection of evidence concerning the market value of the cattle at Kansas City, and a new trial was ordered as to the amount of damages only. (*Evans v. Moseley*, 84 Kan. 322, 114 Pac. 374.) The defendants now appeal from a new award. Complaint is made of the refusal of the court to submit to the jury the question whether the cattle which the plaintiffs offered to deliver to the defendants were of the kind or grade described in the contract, which referred to them as "good, smooth" cattle. The defendants maintain that they should have been permitted to show that the cattle tendered were not "good, smooth" cattle, and that the plaintiffs' damages should have been limited to the difference between the contract price and the market value of such cattle as the contract described.

We think that the trial court rightly excluded an inquiry into the issue suggested. It is true that the matter was not explicitly covered by the special findings made at the first trial. But at that trial the grounds of the refusal of the defendants to accept the cattle were fully gone into. This court held upon appeal that there was no error in the proceedings requiring a new trial, excepting with regard to the evidence of the market value, and that the new trial should be limited to the question of the amount of damages. This was in effect an affirmation of the judgment in all respects excepting as to the amount of recovery. The judgment necessarily implied a finding that the defendants were at fault in refusing to accept and pay for the cattle that were tendered them. The judgment

in this aspect having been affirmed, any further investigation of that question was excluded. All subsequent inquiry was necessarily confined to the matter of the difference between the market value of these particular cattle and the contract price.

The judgment is affirmed.