No. 19,589.

THE OREGON RAILROAD & NAVIGATION COMPANY, *Appellee*, v.
O. L. THISLER, *Appellant*.

SYLLABUS BY THE COURT.

1. NEW TRIAL—*Case Remanded on Single Question—No Other Issue Involved.* Where a cause is remanded from this court to the trial court for the determination of a single question, under section 307 of the code of civil procedure, and that question is determined and judgment is rendered accordingly, the judgment will not be disturbed in this court unless there is a prejudicial error in determining the question submitted.

2. SAME. Where a cause is remanded for the determination of a single fact, questions not involved therein will not be considered on an appeal from the judgment rendered on its determination.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed July 10, 1915. Affirmed.

*O. L. Moore,* of Topeka, and *H. L. Humphrey,* of Abilene, for the appellant.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This case was first before this court in *Railroad Co. v. Thisler,* 90 Kan. 5, 133 Pac. 539, to which we refer for a full statement of the facts. All questions then presented were disposed of except it was not determined that the rate of $306 on the shipment was legally in force, and the cause, under section 307 of the code of civil procedure, was remanded for a new trial upon the sole question as to whether the $306 rate was, at the time of the shipment, legally in force in accordance with the requirement of the interstate commerce act. (*Leeman v. Page,* 79 Kan. 479, 100 Pac. 504; *McCullough v. Hayde,* 82 Kan. 734, 738, 109 Pac. 176.) The judgment was affirmed in other respects. On the retrial, the jury answered questions as follows:

"Question No. 1. State whether the $306.00 rate was in force in accordance with the requirements of the Interstate Commerce Act at the time of the shipment of the car in controversy in this case, which was March 18, 1907. Answer. Yes.

Railroad Co. v. Thisler.

"Question No. 4. State whether or not the Chicago, Rock Island and Pacific Railway Company, the Denver and Rio Grande Railroad Company, and The Oregon Short Line Rail Road Company concurred in said Tariff, I. C. C. No. 820, and in Supplement No. 4 thereto. Answer. Yes.

"Question No. 6. State whether or not the Chicago, Rock Island and Pacific Railway Company distributed and sent said Tariff, I. C. C. No. 820 and Supplement No. 4 thereto, to the stations on its line of railroad. Answer. To some of its stations."

(1) Upon the special findings of the juries in two trials, the court found that there was due the plaintiff from the defendant for transportation charges the sum of $156 together with interest at six per cent from April 2, 1907, amounting in the aggregate to $222.89; that there was due the defendant from the plaintiff the sum of $200; and that the defendant was entitled to set off that sum against the amount due the plaintiff. Judgment was rendered for the plaintiff for the difference, $22.89. The defendant appeals.

Both the jury and the trial court found that $306 was the legal rate for the property shipped. The legality of the rate is questioned because of the failure of the Chicago, Rock Island and Pacific Railway Company to deposit a copy of the tariff in its freight office at Enterprise, Kan. It appears that the tariffs showing the $306 rate were filed with the interstate commerce commission, and that they were promulgated and distributed. The fact that the Chicago, Rock Island and Pacific Railway Company failed to file or deposit one of these tariffs in its freight office at Enterprise does not defeat the plaintiff's right to receive the full rate of $306, nor excuse it from the obligation to enforce payment under the law. Certainty and uniformity are primary elements under the interstate commerce act. Rates filed with the commission can not be avoided or defeated in this manner. There was a legal rate. If that rate was not $306, what was it? The trial court and jury to whose determination this question was referred say it was $306. That fixes the rate in this court and disposes of this matter.

(2) Another question is presented, one not embraced within the order remanding this cause for a new trial, and which was not presented on the former hearing in this court. It appears that the defendant ordered a thirty-foot car, the rate on which was $225 per car, and that the plaintiff furnished a forty-foot

car to suit its convenience. For that reason the defendant contends that his rate should have been $225. All questions involved in this case were disposed of in the opinion of this court found in *Railroad Co. v. Thisler*, 90 Kan. 5, 133 Pac. 539, except one: Was the $306 rate legally in force in accordance with the requirement of the interstate commerce act, at the time of the shipment? The trial court determined that question against the defendant. This court will not now consider any other question.

The judgment is affirmed.