No. 20,252.

## T. B. MARTIN, *Appellee*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Cattle Guards—Stock Killed—Findings Not Inconsistent.* The evidence and findings of fact on the question of negligence in maintaining a cattle guard have been examined, and it is held that the evidence supports the finding of the jury that the defendant was negligent and that the findings of the jury are not inconsistent with the finding of negligence.

2. NEW TRIAL—*Questions Involved.* Where a cause is remanded for the determination of a single fact, other questions not involved in the determination of that fact should not be considered by the trial court.

Appeal from Hamilton district court; GEORGE J. DOWNER, judge. Opinion filed June 10, 1916. Modified.

*William R. Smith, Owen J. Wood, Alfred A. Scott*, and *Harlow Hurley*, all of Topeka, for the appellant.

*U. T. Tapscott*, of Syracuse, and *Edgar Foster*, of Garden City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against it for damages for killing live stock on its right of way. This is the second appeal. (*Martin v. Railway Co.*, 92 Kan. 595, 141 Pac. 599.)

1. The defendant contends that the evidence and the special findings of fact show that it was not negligent. The special findings are as follows:

"1. Did plaintiff's mule and mares go over the cattle guard at defendant's railway crossing of said railway before they were struck by the engine of train Number Twelve? Ans. Yes.

"2. If you answer the last aforesaid question 'yes' state what stock belonging to the plaintiff passed over the cattle guards at defendant's railway crossing before they were struck by the engine of train Number Twelve. Ans. One grey mare, two bay mares and one mule.

"3. Where were plaintiff's mule and mares situated with reference to the west cattle guard of the railway crossing at the time they were struck by the engine Number Twelve? Ans. On the defendant's right of way, west of the west cattle guard, at Pomeroy crossing.

"4. At what time were plaintiff's mule and mares struck by the engine of train Number Twelve? Ans. Between 4:30 p. m. and 6 o'clock p. m., January 27th, 1912.

"4½. If you find that the defendant railway company, its officers, agent or employees, were negligent, then state in what respect or respects they were negligent. Ans. In allowing the ice and snow to accumulate in the cattle guard, and not removing said ice and snow.

"5. Was there any snow or ice in the west cattle guard at the Pomeroy crossing on January 27th, 1912? Ans. Yes.

"6. If you answer the last above question 'yes' then state what was the depth of the snow or ice in the west cattle guard of the Pomeroy crossing. Ans. from 2¼ inches to 2¾ inches.

"7. If you answer question five 'yes' state what was the condition of the snow or ice in the cattle guard at the Pomeroy crossing on January 27th, 1912. Ans. It was settled down and packed.

"8. If you find there was snow or ice in the west cattle guard at the Pomeroy crossing, then state how far did the prongs or spikes in the west cattle guards at the Pomeroy crossing extend above the snow or ice. Ans. From ½ to ¾ of an inch."

The evidence was conflicting concerning the condition of the snow and ice on the cattle guards, but there was sufficient evidence to support the finding of the jury in that matter. We fail to see wherein the findings of the jury numbered 4½ and 5 are in any way inconsistent with the other findings. Negligence in this case was a question for the jury to determine under proper instructions. The jury determined that question.

2. The defendant contends that the judgment against it should not exceed $400, the amount for which judgment was rendered in favor of the plaintiff on the former trial. That judgment was reversed and the cause remanded for a new trial on the issue of negligence. The trial from which the first appeal was taken resulted in a judgment in favor of the plaintiff for $400 for killing two horses and a mule that had crossed a cattle guard from a public highway onto the defendant's right of way, and were there killed. The last trial, from which the present appeal was taken, resulted in a judgment in favor of the plaintiff for $575 for killing three horses and a mule. When the case was here before (Martin v. Railway Co., 92 Kan. 595, 141 Pac. 599), this court said:

"The court instructed the jury, in substance, that if they found from the evidence that defendant failed to construct cattle guards which were reasonably sufficient to prevent animals from coming upon its right of way, or that defendant permitted its cattle guards to become obstructed so

as to enable animals to pass over them, and that the plaintiff's stock crossed over the same and were killed, the verdict should be for the plaintiff. This, as we have seen, was erroneous, and a new trial must be ordered upon the issue of whether the defendant's failure to remove the snow and ice from the cattle guards in question was, under all the facts and circumstances, negligence. Two questions may be regarded as finally determined: one against the defendant, namely, that the herd law was not in force in the county; and the other in favor of the defendant, that it had erected and maintained a lawful fence and sufficient cattle guards at the highway where the animals entered the right of way, and these issues are not to be retried. . . . The judgment will be reversed and the cause remanded for a new trial upon the issue of negligence." (pp. 601, 602.)

All issues other than that of negligence were determined by the former trial and judgment. On the last trial it was not proper for the plaintiff to show that he had three horses and a mule killed, or to show a difference in the value of the animals that were killed. These matters had been tried and determined. In *Railroad Co. v. Thisler*, 96 Kan. 184, 150 Pac. 580, this court said:

"Where a cause is remanded for the determination of a single fact, questions not involved therein will not be considered on an appeal from the judgment rendered on its determination." (Syl. ¶ 2.)

No judgment for a sum greater than $400 could be properly rendered. The present judgment must be modified by reducing the amount thereof to $400, and the judgment is affirmed for that amount.