No. 24,814.

LUTIE S. BRACKEN, *Appellant,* v. GRACE E. CHAMPLIN, *Appellee.*

SYLLABUS BY THE COURT.

1. ALIENATION OF AFFECTIONS — *Inadequate Verdict for Damages — Passion or Prejudice of Jury.* In an action by a wife for damages for the alienation of her husband's affections, where there is evidence which tends to show that as a consequence she suffered great mental anguish and agony, a verdict for the plaintiff for $1.00 is so small and inadequate as to show that the jury was influenced by passion or prejudice.

2. SAME—*Cause Remanded for Purpose of Ascertaining Only Amount of Damages Sustained by Plaintiff.* Under the circumstances described in the first paragraph of this syllabus, section 307 of the code of civil procedure commands that on the reversal of the judgment, the cause shall be remanded for the purpose of ascertaining only the amount of damages sustained by the plaintiff.

Bracken v. Champlin.

Appeal from Phillips district court; WILLARD SIMMONS, judge. Opinion filed December 8, 1923. Reversed.

*J. F. Bennett,* of Phillipsburg, *A. W. Relihan, T. D. Relihan,* and *J. T. Reed,* all of Smith Center, for the appellant.

*W. A. Barron, W. N. Moore,* and *William Kingery,* all of Phillipsburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to recover $30,000 actual damages and $20,000 punitive damages for the alienation of the affections of her husband by the defendant. Verdict and judgment were rendered for the plaintiff for $1. She appeals, and contends that the damages allowed were inadequate. The defendant makes no complaint.

1. There was evidence which tended to prove that the defendant alienated from the plaintiff the affections of her husband. The jury must have believed that evidence. There was evidence which tended to prove that the plaintiff suffered great mental anguish and agony. One dollar was no compensation to the plaintiff for the wrong done to her, even if mental anguish be not considered. The verdict on its face shows that the jury felt compelled to return a verdict in favor of the plaintiff, but the amount of the verdict shows that the jury was influenced by passion or prejudice against her; otherwise, a verdict for $1 would not have been rendered.

In *Sundgren v. Stevens,* 86 Kan. 154, 119 Pac. 322, it was held that a judgment for $1 for damages caused by an assault and battery, fifty cents for assault and pain and fifty cents for insult and indignity, was inadequate. This principle was followed in *Thompson v. Burtis,* 65 Kan. 674, 70 Pac. 603, and in *Miller v. Miller,* 81 Kan. 397, 105 Pac. 544.

In *Nevins v. Nevins,* 68 Kan. 410, 75 Pac. 492, this court said:

"In an action for the alienation of the affections of a husband or wife. . . .

"Mental anguish, mortification and injury to the feelings are natural and necessary consequences of the alienation and separation, and a recovery may be had therefor under the general allegation of damages sustained." (Syl. ¶¶ 1, 5.)

2. The plaintiff asks that the cause be remanded for retrial on the question of damages only. This is within the power of the court.

Section 307 of the code of civil procedure provides that—

"A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong

in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable."

This statutory rule has been followed in *Leeman v. Page,* 79 Kan. 479, 100 Pac. 504; *McCullough v. Hayde,* 82 Kan. 734, 738, 109 Pac. 176; *Harris v. Drenning,* 101 Kan. 711, 719, 168 Pac. 1106; and *Bellport v. Harkins,* 107 Kan. 454, 457, 192 Pac. 730.

The guilt of the defendant was established by the verdict of the jury. There remains nothing to be ascertained except the amount of damages sustained by the plaintiff.

The judgment is reversed, and the cause is remanded to the district court with directions to ascertain the amount of damages the plaintiff sustained and render judgment accordingly.

On a motion for a modification of the judgment of this court, it is ordered that the cause be remanded for a new trial as to all issues.