No. 26,628.

BILLIE BURT, *Appellant*, v. F. G. ORR et al., *Appellees.*

SYLLABUS BY THE COURT.

FALSE IMPRISONMENT—*Nominal Damages—Instructions Disregarded—Passion or Prejudice.* In an action by a young woman twenty-six years of age for false arrest, where there is evidence tending to show that she suffered humiliation, mortification and disgrace by reason thereof, a verdict of one dollar is so small and inadequate as to show that the jury did not give proper consideration to the instructions of the court, or were influenced by passion or prejudice.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed April 10, 1926. Reversed.

*J. W. Ward* and *Tom Harley,* both of Wichita, for the appellant.

*Charles B. Hudson* and *Clyde M. Hudson,* both of Wichita, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: Plaintiff was mistaken for a woman by the name of Bennett who had passed a worthless check. She was arrested, and later brought this action for damages for false arrest. She recovered nominal damages only, and appeals.

Plaintiff was a woman about twenty-six years of age, was born and raised in Wichita, was by occupation a fashion model and had worked as such for some three years previous to the events narrated herein.

There was evidence tending to show these facts:

That on the afternoon of March 10, 1924, she went to the Lassen Hotel in Wichita, to keep an appointment; that she arrived at the hotel about 4 or 4:30, went through the lobby to the elevator, and as she got on the elevator Mr. Truex, one of the defendants, and Mr. Vehon, a police officer, got on the elevator with her; that she got off at the mezzanine floor; Truex and Vehon got off with her; she was detained there for some time, questioned by Truex, Vehon and Mr. Halleck, another defendant; that Mr. Truex, who was a clerk and agent of defendant Orr, grabbed her hand and examined her rings. She was compelled to write the names of Miss Margaret Woods and Mrs. Bennett, then taken from the mezzanine floor of the hotel

False Imprisonment, 25 C. J. pp. 568 n. 84, 571 n. 89. New Trial, 29 Cyc. pp. 487 n. 14, 849 n. 27; 47 L. R. A. 34; 39 L. R. A. n. s. 487; 20 R. C. L. 284.

with Vehon, Truex and Halleck down through the lobby of the hotel to Market street, thence on Market street, one of the principal streets of the city, a distance of two and one-half blocks to the city jail, to the office of Mr. Zickefoose, chief of detectives, where she was detained for perhaps thirty minutes, then permitted to go, upon giving to Mr. Zickefoose her name, address and phone number; that since her arrest and up to the time of trial she had been unable to get employment in her profession except for four days only, two at Hutchinson and two at the Lassen Hotel. She testified that she had sought employment since her arrest, but had been unable to secure it (except as stated); she was told "they could not use her"; that many people who knew her had asked about her being arrested charged with crime. In fact almost everybody she knows and meets asks her about it. The jury found for the plaintiff and fixed the amount of her recovery at one dollar, or nominal damages. Motion for new trial was overruled, and she appeals, contending that the jury, in arriving at its verdict, failed to take into consideration the instructions of the court. The instruction to which reference is particularly made reads:

"You are further instructed that if you should find plaintiff is entitled to recover, the measure of her recovery in addition to the limitations heretofore noted will be as follows: You may consider the mental suffering, if any, caused to plaintiff; also any sense of shame, mortification or humiliation suffered by her on account of her imprisonment, if any; the damage, if any, to her general reputation in the community; the impairment, if any, of her opportunity to earn a livelihood in her profession; and, in general, such actual damages arising from the foregoing as under the evidence you may believe she has sustained and which would reasonably compensate her for the acts and conduct of such defendant, as is shown by the evidence, not exceeding the amount claimed, to wit, $20,000."

The defendants contend that the plaintiff was entitled to nominal damages only; that there was no evidence submitted that she suffered any substantial damages. They argue that the jury heard the evidence and fixed the amount of damages they thought she was entitled to recover; that there was no evidence that the plaintiff suffered any physical injury or physical inconvenience and discomfort, that she suffered any loss in business or employment, that any reasonable and necessary expense was incurred, that there was any injury to her reputation or that she was in any way damaged; that, if she was detained at all it was only for a period of a few moments at the police station in conversation with Chief Zickefoose where she voluntarily went at his request.

Burt v. Orr.

In *Sundgren v. Stevens,* 86 Kan. 154, 119 Pac. 372, it was said:

"In an action for damages for assault and battery the testimony showed the defendant, without legal justification, struck the plaintiff in the face, causing some injury to the nose and profuse bleeding therefrom, followed for over two months by pain and clogging of the nose. The defendant admitted the assault and introduced no evidence. The court instructed the jury that if they found that the plaintiff had been unlawfully assaulted and beaten they should allow reasonable compensation. The jury found for the plaintiff and assessed his damages at one dollar, fifty cents for physical pain and fifty cents for insult and indignity. *Held,* that the verdict should be set aside for inadequacy." (Syl.)

In *Bracken v. Champlin,* 114 Kan. 882, 220 Pac. 1027, this court held:

"In an action by a wife for damages for the alienation of her husband's affections, where there is evidence which tends to show that as a consequence she suffered great mental anguish and agony, a verdict for the plaintiff for one dollar is so small and inadequate as to show that the jury was influenced by passion or prejudice." (Syl.)

The rule was reiterated in *Russell v. Newman,* 116 Kan. 268, 226 Pac. 752, where it was held that:

"In an action for malpractice, where it is established that surgeons inadvertently left a gauze sponge within the incision after the removal of a kidney, a verdict in favor of the plaintiff awarding him only nominal damages is held to require a new trial, notwithstanding medical testimony that no injury resulted to the patient."

The evidence in the instant case was sufficient in our opinion to have warranted a verdict for substantial damages.

Plaintiff asks that the judgment be reversed and a new trial ordered on the amount of damages only. We are of opinion there should be a new trial on all the issues.

It is so ordered.

Mason, J., dissenting.