No. 26,435.

GEORGE R. GILL, *Appellant*, v. E. S. SMITH and E. E. McHUGH, *Appellees*.

### SYLLABUS BY THE COURT.

1. BILLS AND NOTES—*Fraud—Evidence*. The demurrer to the evidence introduced on the first trial was properly overruled.

2. SAME—*Fraud—Instructions*. There was no error in the instruction complained of which was given on the first trial.

3. NEW TRIAL—*Amount of Damages Only*. On the first trial, it was not error to grant a new trial as to the amount of damages sustained and to deny a motion for a new trial in all other particulars.

4. PLEADING—*Amendment to Conform to Evidence*. Where a party to litigation is not misled by the difference between the pleadings and the evidence of the adverse party, this court will consider the pleadings as amended so as to conform to the evidence where the verdict and judgment on the evidence introduced were just and proper.

5. BILLS AND NOTES—*Evidence—Sufficiency*. On the second trial, it was not error to overrule the plaintiff's demurrer to the defendants' evidence.

6. NEW TRIAL—*Grounds—Excessive Verdict*. It was not error to deny the motion for a new trial, filed after the rendition of the verdict on the second trial.

Appeal from Seward district court; CHARLES E. VANCE, judge. Opinion filed May 8, 1926. Affirmed.

*G. W. Sawyer* and *John C. King*, both of Liberal, for the appellant.

*F. O. Rindom*, of Liberal, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The action is one on a promissory note by the payee thereof. The defendants alleged that the signatures to the note were procured by representations of the plaintiff which were

---

Appeal and Error, 4 C. J. pp. 750 n. 92, 946 n. 14. Bills and Notes, 8 C. J. pp. 978 n. 80, 1021 n. 10, 1045 n. 90, 1052 n. 50, 1065 n. 8, 1072 n. 84, 1080 n. 73. Damages, 17 C. J. p. 1062 n. 81. Fraud, 27 C. J. p. 109 n. 92. New Trial, 29 Cyc. pp. 843 n. 99, 1014 n. 75. Pleading, 31 Cyc. p. 703 n. 38; 21 R. C. L. 578. Trial, 38 Cyc. p. 1548 n. 24.

fraudulently made. The defendants asked that the plaintiff take nothing, and that they be given judgment against the plaintiff for their damages in the sum of $1,275. Judgment was rendered in favor of the defendants for $229.17, and the plaintiff appeals.

The case was tried twice. As a result of the first trial, a verdict was returned in favor of the defendants for $1,000 and special questions were answered by the jury. A new trial was granted on the question of the damages sustained by the defendants, but not as to any other matter involved in the action. On the second trial, a verdict was returned in favor of the defendants for $350; $120.83 of that amount was remitted, and judgment was rendered for $229.17. The first trial occurred on November 14, 1924; the second trial occurred on March 5, 1925. The appeal was perfected April 29, 1925. The appeal is from all the orders, verdicts and judgments rendered in the case adverse to the plaintiff.

1. The principal question involved in the appeal from the first trial arises on an order overruling the demurrer of the plaintiff to the evidence of the defendants. This necessitates an examination of the evidence in behalf of the defendants. There was evidence which tended to prove that the defendants were operating a garage in Liberal in the fall of 1921; that at that time they became the agents of the Aultman-Taylor Machinery Company; that the plaintiff, the agent of the company, attempted to have the defendants order two tractors from the company; that the defendants declined to order the tractors; that the plaintiff obtained an order for them, one large one and one small one, signed by the bookkeeper of the defendants; that the bookkeeper did not have authority to order the tractors; that when the defendants learned that the tractors were to be shipped they requested the company to hold up the shipment; that when the tractors arrived, the defendants refused to receive them and did not desire to purchase them because they were short of money; that the plaintiff represented to the defendants that he had the larger one of the tractors sold; that if the defendants would purchase the tractors and pay the freight on them, the plaintiff would turn the larger one over to the party who had purchased from him; that the defendants through such a transaction would secure their commission on the sale; that there was $445.66 freight on the two tractors which had been previously shipped and were then on board a car at Liberal; that if the defendants would execute to the plaintiff their note for $445.66, he would advance the money to pay the freight on the tractors; that he guaranteed the sale

and delivery of the larger tractor before the note would become due; that the plaintiff would assist the defendants in selling the other tractor; that the defendants believed the representations made by the plaintiff; that they then signed the note to the plaintiff, the note sued on in this action; that the plaintiff never sold the large tractor; that it had not been sold when the note became due and was afterward sold by the defendants at a loss; and that they sustained damage thereby. The evidence was sufficient to compel the court to submit the cause to the jury for determination, although in response to a special question submitted the jury found that the plaintiff had an order for the larger tractor at the time he stated he had.

2. Complaint is made of the following instruction given on the first trial:

"You are further instructed that if you find and believe, from a preponderance of the evidence, that at or about the time the tractors arrived at Liberal, and before the defendant, Smith, had actually consented to the purchase, the plaintiff in order to induce the defendants to accept said tractors, pay the freight thereon, and execute notes therefor, stated to said defendants, or either of them, that he had an order for a tractor, like the large tractor involved in this case, and that if the defendants would accept said tractor, he would apply the large-one on the order which he had obtained, or that he would guarantee and agree to take said tractor off their hands himself, in case they were not able to sell the same, before their note given therefor became due, that said plaintiff failed or refused to carry out the terms of said contract, and that the defendants were unable to sell said large tractor for the amount they paid for the same, together with the freight thereon, and were compelled to and did sell said large tractor for a less amount, it will be your duty to allow the defendants damages in an amount equal to the difference between the amount the defendants actually paid for said large tractor, including the freight thereon, and the amount for which they sold said tractor, and you should determine the amount of such damage, and if the same exceeds the amount of the plaintiff's note and interest, you should return a verdict for the defendants, for the amount of such excess, but if the amount of such damage is less than the amount of the note with interest, you should deduct the damages from the amount of the note with interest, and return a verdict for the plaintiff for the balance."

It cannot be said that the instruction was erroneous because under the pleadings and evidence, the defendants were entitled to recover on either one of two theories: first, that the representations made by the plaintiff amounted to a warranty of the truth of the statements he made for the purpose of securing the signatures to the note; or, second, on the theory that the plaintiff guaranteed the sale of the large tractor before the note became due. The fact that the

representations were fraudulently made did not detract from their effect as a warranty of the truth of those representations nor from the guaranty that was made.

3. On the first trial, the jury answered special questions as follows:

"1. Did the plaintiff, Gill, tell the defendants that he had the big tractor sold and that he would guarantee to deliver it or that he would take it off their hands before their notes became due, prior to the defendant's executing and delivering the note sued on? A. Yes.

"2. Was defendant, E. S. Smith, present when his name was signed to the letter, dated September 28, 1921, by Abe Pankratz? A. No.

"3. Was the said Abe Pankratz authorized to sign the letter referred to in question No. 2? A. No.

"4. Did the plaintiff have an order for the 22-45 tractor at the time he stated to defendants he had? A. Yes."

The verdict was for the defendants for $1,000. At the conclusion of that trial, the plaintiff filed a motion for a new trial, which was overruled as to everything except the amount of damages, and upon that question the court granted a new trial. There was evidence sufficient to sustain the verdict in all particulars except possibly the amount thereof, as to which a new trial was granted. The court had power to grant a new trial as to one issue.. (R. S. 60-3004.)

4. The plaintiff contends that "on second trial, the court erred in the admission of evidence." The second trial was for the purpose of ascertaining the amount of damages sustained by the defendants. They alleged in their answer that they lost the commission on the sale of the large tractor, $775; that they had no use for the tractors; and that they were further damaged in interest and in the depreciation of the tractors in the sum of $500. The evidence complained of was that which tended to show that the defendants were unable to sell the large tractor except at a loss. The evidence was competent for the purpose of showing the damages sustained by them, but it may not have been specifically alleged in the answer. The difference between the pleadings and the evidence did not mislead the plaintiff. It could not have misled him. If a new trial were ordered because of the evidence being inadmissible under the pleadings, it would be a very simple matter to ask to amend the pleadings and thus render the evidence admissible. In similar cases, this court has often considered pleadings as amended for the purpose of upholding judgments which upon the whole have appeared to have been in accordance with justice. In the present case, the pleadings

will be considered as amended for the purpose of avoiding the formality of amending the pleadings in the trial court and again introducing the evidence to be considered by another jury.

5. On the new trial, the plaintiff at the close of the evidence for the defendants demurred thereto; that demurrer was overruled; of that, the plaintiff complains. As has been indicated, there was evidence on the last trial which tended to show that the defendants were unable to sell the large tractor except at a loss, for which the jury returned a verdict in their favor.

6. It is urged that the court committed error in overruling the last motion for a new trial. The verdict was for $350. The defendant remitted all but $229.17, for which judgment was rendered. There was evidence to show that the defendants had been damaged in that amount.

Complaint is made of the instructions to the jury concerning the measure of damages. The instructions have been examined, and no error is found in them.

The judgment is affirmed.