No. 29,004.

HELEN CARLGREN, *Appellant,* v. STEPHEN SAINDON, *Appellee.*

(283 Pac. 620.)

476

Opinion filed January 11, 1930.

*Charles L. Hunt* and *Frank C. Baldwin,* both of Concordia, for the appellant.

*M. V. B. Van De Mark* and *Clyde L. Short,* both of Concordia, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries sustained in an automobile collision. The jury answered special questions and returned a general verdict for defendant. Plaintiff moved the court to set aside the general verdict only and to grant a new trial on the sole question of the amount of damages, for the reason that the general verdict is contrary to the special findings, and that the special findings establish plaintiff's right to recover. On the hearing of this motion the court ruled—

". . . that said motion should be and the same is hereby sustained in part, in that said verdict is set aside because the special findings returned by the jury are inconsistent with each other and inconsistent with the general verdict, and not because the special findings are not supported by sufficient evidence, and the court of its own motion orders that said cause be retried upon all the issues presented by the pleadings. . . ."

The plaintiff has appealed and contends that the court erred in holding that the special findings are inconsistent with each other, in setting aside the special findings because they are inconsistent with the general verdict, and in ordering that the cause be retried upon all the issues presented by the pleadings.

The evidence is not before us. The issues as framed by the pleadings may be briefly stated as follows: The plaintiff was riding in a car owned by her father and being driven by her husband, and as their guests, on an improved highway leading into Concordia from the west; that while the car in which plaintiff was riding was being driven with care near the south side of the traveled portion of the highway, defendant was driving a car on this highway from the east, and when approaching the car in which plaintiff was riding, and while attempting to pass a car which was ahead of him, suddenly and negligently turned his car in a southwesterly direction diagonally across the traveled portion of the highway in such a way that his car struck the car in which plaintiff was riding, causing the

same to be overturned, from which casualty plaintiff sustained serious personal injuries. Defendant in his answer denied negligence on his part and alleged that the casualty resulted from the negligence of the driver of the car in which plaintiff was riding; alleged that plaintiff, her father and her husband were engaged in a joint enterprise, by reason of which the negligence of the driver of the car was imputed to her; and further alleged that plaintiff was guilty of negligence on her part which contributed to her injury. Plaintiff's reply put these matters in issue.

The court, by his instructions, took from the jury the question of joint enterprise and imputed negligence for the reason that there was no evidence to sustain allegations made with respect thereto by defendant. The court gave appropriate instructions to the jury respecting the issue of defendant's negligence and whether such negligence, if it occurred, was the proximate cause of the injury, and also gave appropriate instructions on the question of plaintiff's negligence which contributed to the injury. No complaint is made by either party of any of these instructions.

Special questions submitted to and answered by the jury are as follows:

"Q. 1. Was the defendant guilty of the negligence alleged in plaintiff's petition that was the proximate cause of the plaintiff's injury? A. Yes.

"Q. 2. If you find the defendant was guilty of negligence, then state in what that negligence consists. A. Attempting to pass car when another car is approaching from opposite direction.

"Q. 3. Was the plaintiff guilty of any negligence, either of commission or omission, that contributed to her injury? A. No.

"Q. 4. Do you find that the injury of the plaintiff was proximately caused by the manner in which the automobile in which she was riding was driven and operated by her husband? A. Yes.

"Q. 5. What, if anything, did the plaintiff do to prevent the collision? A. Nothing."

Appellant contends that the court erred in holding that the answers to these special questions were inconsistent with each other. This contention must be sustained. In support of the court's ruling it is argued that the answer to question 1, finding the defendant's negligence was the proximate cause of plaintiff's injury, is in conflict with finding No. 4, where it was found that the injury to plaintiff was proximately caused by the manner in which the car in which she was riding was being driven by her husband, the argument being that there cannot be two proximate causes of an injury. But this,

of course, is incorrect. The negligence of two or more persons may be joint and concurrent, resulting in injury to a third person in such a way as to render them joint tortfeasors, in which event they are jointly and severally liable to the person so injured. The negligence of two or more persons, acting independently of each other, may be so concurrent in time and effect that their joint negligence results in injury to a third, in which event they are jointly and severally liable to such third person. In either of these events the third person may maintain the action against one or all of the persons whose joint and concurrent negligence was the proximate cause of the injury. (*Gooch v. Gooch,* 108 Kan. 416, 195 Pac. 874; *Wholesale Grocery Co. v. Kansas City et al.,* 115 Kan. 589, 224 Pac. 47; *Farmers Grain Co. v. Atchison, T. & S. F. Rly. Co.,* 120 Kan. 21, Id., 121 Kan. 10, 245 Pac. 734.) Here the plaintiff sued the defendant. She did not sue her husband (whether a suit against him could have been maintained we have no occasion here to decide). The material question here was whether defendant was negligent, and if his negligence was a proximate cause of plaintiff's injury. It is immaterial to plain- tiff's right to recover against defendant that some one else was, or was not, guilty of negligence under such circumstances that, if sued with defendant, he could have been held jointly liable with defendant for the negligence. There was in fact no reason to submit question No. 4 to the jury unless on the theory that it was a "follow-up" question, or submitted on the theory that the jury might have answered question No. 1 in the negative. Hence the answer to question No. 4 is not inconsistent with the answer to question No. 1; neither does it in fact have any place in this lawsuit. By answers to questions 1 and 2 the jury found that the defendant was guilty of negligence which was the proximate cause of plaintiff's injury, and of what that negligence consisted, and that it was the negligence relied upon in plaintiff's petition. It is the only issue of negligence (other than plaintiff's contributory negligence) which existed in the case, for the court, because of a lack of evidence to support it, had taken from the jury the question of imputed negligence resulting from joint enterprise.

With respect to plaintiff's contributory negligence it is true, of course, that a guest in an automobile must use due care for his own safety. The court properly instructed the jury on that matter. In answer to question 3 the jury found that the plaintiff was not guilty of any negligence, either of commission or omission, that contributed

to her injury. The jury was asked, in question 5, "What, if anything, did the plaintiff do to prevent the collision?" and answered, "Nothing." Appellee contends that these answers are inconsistent. But this cannot be true. Possibly the circumstances were such that there was nothing plaintiff could have done, or had time to do, or should have done, that would have tended to prevent the injury. The jury specifically found that notwithstanding the fact that she did nothing to prevent the injury she was not guilty of any act, either of commission or omission, which amounted to negligence. These findings are not inconsistent. From this it necessarily follows that the court erred in holding that the answers to the special questions were inconsistent with each other, and in setting aside the answers to the special questions for that reason.

Appellant concedes that the general verdict is inconsistent with the special findings, but complains because the court set aside the special findings for that reason. This ruling was erroneous. The rule is well established in this state that when the special findings are in harmony with each other, but in conflict with the general verdict, the general verdict must be set aside and the special findings stand. (See R. S. 60-2918.) This situation has never been regarded as a reason for setting aside the special findings. There are many opinions of this court in support of this rule. A few of them are cited. (*Nichols v. Weaver*, 7 Kan. 373; *Tobie v. Comm'rs of Brown Co.*, 20 Kan. 14; *Cripton v. Thompson*, 32 Kan. 367, 4 Pac. 698; *Clark v. Mo. Pac. Rly. Co.*, 35 Kan. 350, 11 Pac. 134; *A. T. & S. F. Rld. Co. v. Morgan*, 43 Kan. 1, 22 Pac. 995; *Windmill Co. v. Buchanan*, 46 Kan. 314, 26 Pac. 708; *School District v. Lund*, 51 Kan. 731, 33 Pac. 595; *Garth v. Edwards County*, 63 Kan. 755, 66 Pac. 999; *Railway Co. v. Bussey*, 66 Kan. 735, 71 Pac. 261; *Seeds v. Bridge Co.*, 68 Kan. 522, 75 Pac. 480; *Stanley v. Railway Co.*, 78 Kan. 87, 96 Pac. 34; *Beech v. Railway Co.*, 85 Kan. 90, 116 Pac. 213; *McClain v. Railway Co.*, 89 Kan. 24, 130 Pac. 646; *Tacha v. Railway Co.*, 97 Kan. 571, 155 Pac. 922.)

When specific controverted issues have been once determined in a trial, either before the court, or the court and the jury, and some points at issue have not been determined, or have been improperly determined, where the points determined and those not determined are sufficiently distinct from each other that there is no necessity of retrying all issues in order to determine those which had not been determined, there is no occasion for retrying the issues determined.

A retrial, if necessary, should be of the issues only which have not been determined. This is not only the general rule (46 C. J. 420; 20 R. C. L. 222), but our code requires it.

"... A new trial shall not be granted as to any issues in a case unless on the pleadings and all the evidence offered at the trial and on the motion for a new trial the court shall be of the opinion that the verdict or decision is wrong in whole or in some material part, and the new trial shall be only of the issues as to which the verdict or decision appears to be wrong, when such issues are separable." (R. S. 60-3004.)

This court has frequently directed a retrial upon separable issues only. (*Thompson v. Burtis*, 65 Kan. 674, 70 Pac. 603; *Leeman v. Page*, 79 Kan. 479, 100 Pac. 504; *McCullough v. Hayde*, 82 Kan. 734, 109 Pac. 176; *Railroad Co. v. Thisler*, 90 Kan. 5, 133 Pac. 539; Id., 96 Kan. 184, 150 Pac. 580; *Denton v. Railway Co.*, 90 Kan. 51, 133 Pac. 588; *Packard v. Packard*, 95 Kan. 644, 149 Pac. 404; *Ballou v. Railway Co.*, 95 Kan. 761, 773, 152 Pac. 284; *Harris v. Drenning*, 101 Kan. 711, 719, 168 Pac. 1106; *Scoby v. Bank*, 112 Kan. 135, 140, 211 Pac. 110; *Fontana v. Integrity Mutual Casualty Co.*, 120 Kan. 406, 243 Pac. 1035.)

This statute has been repeatedly applied in cases where the only issue undetermined at the first trial was the amount of damages. (*Evans v. Moseley*, 84 Kan. 322, 332, 114 Pac. 374; Id., 87 Kan. 447, 124 Pac. 422; *Supply Co. v. Bank*, 103 Kan. 654, 176 Pac. 129; *Bracken v. Champlin*, 114 Kan. 882, 220 Pac. 1027; *Gill v. Smith*, 121 Kan. 18, 21, 245 Pac. 1041; *McGarr v. Schnoor Cigar Co.*, 125 Kan. 760, 768, 266 Pac. 73.)

We have not overlooked the case of *Wagner v. Clay County Commissioners*, 128 Kan. 127, 131, 276 Pac. 74, in which the trial court granted a new trial on the sole issue of the amount of damages, and this court directed a new trial on all the issues, but this was done because it was quite clear from the evidence and the record as a whole that the jury had not dealt candidly with the evidence in making findings of fact. No situation of that kind is presented in this case.

Here the court found that there was no evidence to sustain allegations with reference to joint enterprise and imputed negligence and did not even submit that question to the jury. There is no reason why that should be submitted to a jury on a retrial. With respect to liability, the jury has found that the defendant was guilty of negligence, which had been properly pleaded by plaintiff and which

was the proximate cause of plaintiff's injury, and has also found that the plaintiff was not guilty of any negligence which contributed to her injury. There is no reason to retry those issues. No one is contending here that they were not fairly tried, that any improper evidence relating to them was admitted, that any competent evidence relating to them was excluded, or that they were not submitted to the jury upon proper instructions. The record indicates that there has been a fair trial of those issues, and no one is contending that there has not been such a fair trial.

The only other issue in the case is the amount of plaintiff's recovery. This is something which, if it had been determined by the jury which tried the case, could not have been determined until the jury had found defendant guilty of negligence charged in the petition, which was the proximate cause of plaintiff's injury, and that plaintiff was not guilty of contributory negligence. Those matters, of necessity, would have been disposed of before the jury went into the amount of plaintiff's recovery; hence the question of the amount of plaintiff's recovery is not so interwoven with the other questions that it cannot fairly be submitted separately from the other questions.

It is suggested by appellee that the court did not approve the special findings, that it is not enough for a trial court to say that findings are supported by sufficient evidence. It is true that the trial court is governed in that respect by a different rule than the one which controls in this court. In this court, when facts have been found by a jury and the findings have been approved by the trial court, and the findings are supported by sufficient evidence, they are binding on this court. The trial court has a somewhat different duty to perform with respect to findings by a jury. The trial court must either approve or disapprove them. In determining whether it shall do so or not the trial court is not governed by the fact alone that the findings are supported by sufficient evidence, but the trial court should exercise an independent judicial judgment in which is considered the pleadings, the evidence, and the law pertaining to the matters, and also the fact that the jury has made specific findings. Having considered all of those matters, if it is the judgment of the court that the findings are proper, they should be approved; but if, having considered all of those matters, it is the conscientious judicial judgment of the court that the findings made by the jury are im-

proper, they should be set aside. Here the court does not specifically say that he approved the answers returned by the jury to the special questions, but does say that they were supported by sufficient evidence, and he does set out the specific reasons which caused him to set them aside, namely, that they are inconsistent with each other, which we have determined was an inaccurate conclusion, and that they are inconsistent with the general verdict, which, while true, is not a reason for setting aside the answers to special questions. The court having found the reasons for setting aside the special questions, it must be held, for the purpose of review, that the court stated all the reasons which prompted him to set them aside. (*Martin v. Scott Lumber Co.*, 127 Kan. 391, 273 Pac. 411.) These reasons, being insufficient as a matter of law, and the court having found that the answers to the special questions are supported by sufficient evidence, it necessarily follows that the court did in fact approve the findings except for the two reasons stated by the court. It should be noted that neither the plaintiff nor defendant moved to set aside the special findings. The court, on its own motion, set them aside for reasons which in law are insufficient.

The judgment of the court below will be reversed with directions to sustain plaintiff's motion to set aside the general verdict only and to let the answers of the jury to the special questions stand, and on a new trial to submit the case on the sole issues as to the amount plaintiff is entitled to recover.

It is so ordered.

JOCHEMS, J., not participating.