### Charles A. Morrill

*v.*

### Edward Baggott.

*Filed at Ottawa May 15, 1895—Rehearing denied October 17, 1895.*

1. Guaranty—*of payment of rent not released by collateral agreement.* A guaranty of the payment of rent is not released by an agreement collateral to the lease, to the effect that the lessee, on making certain improvements, should be allowed a certain amount of credit on the rent to accrue.

2. Accord and Satisfaction—*plea of smaller amount in satisfaction of larger.* The amount of indebtedness on both sides being ascertained and fixed, an amount due from one party cannot constitute an accord and satisfaction of a greater amount due to him from the other party, and a plea setting up such smaller amount in satisfaction is bad on demurrer, even though such smaller sum was paid, as agreed, in labor and materials. (Baker, J., dissenting.)

*Morrill* v. *Baggott,* 57 Ill. App. 530, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Francis Adams, Judge, presiding.

Ashcraft, Gordon & Cox, for appellant:

A guarantor is discharged from liability upon a sealed instrument by an oral agreement made without his consent, if the oral agreement is upon sufficient consideration, or is acted upon. *White* v. *Walker,* 31 Ill. 422; *Cooke* v. *Murphy,* 70 id. 96; *Chapman* v. *McGrew,* 20 id. 101; *Loach* v. *Farnum,* 90 id. 368; *Worrell* v. *Forsyth,* 141 id. 22; *Williams* v. *Vanderbilt,* 145 id. 238; *Goldsbrough* v. *Gable,* 36 Ill. App. 363; *Canal Co.* v. *Ray,* 101 U. S. 522; *Herzog* v. *Sawyer,* 61 Md. 344; *Fleming* v. *Gilbert,* 3 Johns. 528; *Langworthy* v. *Smith,* 2 Wend. 588; 2 Wood on Landlord and Tenant, 1083-1085; Bishop on Contracts, (enlarged ed.) secs. 130, 132-137; Anson on Contracts, (2d Am. ed.) 352, note 2; 1 Greenleaf on Evidence, (14th ed.) sec. 302, note 1, and sec. 303; 3 Am. & Eng. Ency. of Law, 892, 893, note 1.

The fifth plea alleges such a change in the terms of the lease as to release appellant as guarantor. Brandt on Surety, (2d ed.) sec. 388; *Whitcher* v. *Hall*, 5 B. & C. 269; *Holme* v. *Brunskill*, 3 Q. B. 495; *Cornell* v. *Eagan*, 13 Daly, 505; *Berthune* v. *Dozier*, 10 Ga. 235; *Penn* v. *Collins*, 5 Rob. 213; *Watriss* v. *Pierce*, 32 N. H. 560; *Ryan* v. *Trustees*, 14 Ill. 20; *Warden* v. *Ryan*, 37 Mo. App. 466; *Gunn* v. *Keen*, 80 Va. 369; *Rowan* v. *Sharp Rifle Manf. Co.* 33 Conn. 1; *Bowmaker* v. *Moore*, 7 Price, 223; *United States* v. *Corwine*, 1 Bond, 339.

Defendant's seventh plea is a good plea of accord and satisfaction. *Martin* v. *White*, 40 Ill. App. 281; *Cumber* v. *Wayne*, 1 Smith's L. C. (8th ed.) 635; *Neal* v. *Handley*, 116 Ill. 418.

H. C. BENNETT, and W. A. PHELPS, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On the 29th day of April, 1890, Edward Baggott leased to Robert F. Berdie and Otto Richter, for the term of five years, from May 1, 1890, certain premises in Chicago, reserving as rent the sum of $17,500, payable in monthly installments of $291.67 each. By a contract of guaranty indorsed upon the lease, Charles A. Morrill guaranteed the payment of the rent reserved by the lessees, and the performance by them of the covenants and agreements in the lease contained. This is a suit in assumpsit, brought by Baggott against Morrill, upon the contract of guaranty. The defendant appeared and filed a number of special pleas in bar, to all of which a demurrer was sustained, and the defendant electing to abide by his pleas, judgment was entered in favor of the plaintiff for $1541.69 and costs. That judgment has been affirmed by the Appellate Court on appeal, and this appeal is from the judgment of affirmance.

The defendant's counsel, in their argument in this court, seem to rely upon only two of the pleas, viz., the

157—16

fifth and seventh, and therefore those pleas only need be considered.

The fifth plea alleges, in substance, that before the lessees had occupied the demised premises under the lease, and before any rent had become due, to-wit, on April 30, 1890, the plaintiff varied the terms and conditions of the lease, by agreeing, in writing, with the lessees, that they, the lessees, should do certain carpenter work and make certain improvements on the premises, in consideration of which the plaintiff agreed to allow and credit to the lessees $700 in lieu of the rents reserved in the lease; that after the making of such agreement the lessees, or one of them, entered upon and occupied the demised premises, and did a large amount of carpenter work thereon, in pursuance of the agreement; that the agreement was made by the plaintiff and the lessees without the consent of the defendant, and that by reason of the premises the terms of the lease were changed and altered without the consent of the defendant, by reason whereof the defendant was and is released and discharged from all obligation or liability upon his guaranty.

The seventh plea alleges, in substance, that after the making of the lease and guaranty the lessees, or one of them, at the request of the plaintiff, on June 1, 1890, performed a large amount of labor and furnished a large amount of material in making certain improvements on the demised premises, at an agreed price of $700, which material and labor were received and accepted by the plaintiff in payment of all promises and obligations of the defendant in the declaration alleged.

We are of the opinion that neither of these pleas presents a defense to the action. By the fifth plea the defendant seeks to invoke the rule of law that any material alteration in the contract which he has guaranteed, if made without his consent, has the effect of discharging him from liability on his guaranty. That such would be

the legal effect of any material alteration in the terms of the lease, if made by the parties thereto without the defendant's consent, is not, and cannot be, questioned. But we think that no such alteration is shown.

The agreement between the plaintiff and his lessees which the defendant insists operated as an alteration of the lease, as that agreement is shown by the allegations of the plea, was, simply, that the lessees should put certain improvements on the demised premises, and that in consideration thereof they should be allowed a credit of $700 on the rent to accrue on the lease. Such agreement would seem to be purely collateral to the lease. No provision of that instrument was altered, nor was any obligation growing out of it modified or suspended. The lessees, notwithstanding the agreement, remained liable to pay each installment of rent as it matured, by the terms of the lease. It is not pretended that the $700 credit was to be applied in satisfaction of any particular installment of rent, or that any installments were to await the performance by the lessees of their contract in relation to the improvements on the premises. The only effect upon the lease of the agreement alleged was, to obligate the plaintiff to give the lessees a credit of $700 on account of rent when the improvements contracted for should be completed.

The seventh plea attempts to set up, by way of accord and satisfaction, the acceptance by the plaintiff of certain labor and materials alleged to have been furnished by the lessees at an agreed price of $700, in satisfaction of a much larger indebtedness owing from them to the plaintiff on account of rent, and guaranteed by the de fendant. The amount of the indebtedness on both sides being ascertained and fixed, we are disposed to hold that the $700 due the lessees could furnish legal satisfaction for only the same amount of indebtedness due from them to the plaintiff.

We are of the opinion that the demurrer to the pleas was properly sustained, and the judgment of the Appellate Court will accordingly be affirmed.

*Judgment affirmed.*

Mr. JUSTICE BAKER: I think that the seventh plea is a good plea of accord and satisfaction, and that it was error to sustain the demurrer to it. *Neal* v. *Handley,* 116 Ill. 418; *Jaffray* v. *Davis,* 124 N. Y. 164, and cases there cited.