J. F. THOMPSON v. H. E. BURTIS *et al.*

No. 12,757. (70 Pac. 603.)

SYLLABUS BY THE COURT.

ATTORNEYS—*Fees for Services—Inconsistent Verdict.* In an action to recover for legal services, defendants rested on the issue and defense that there was no employment. Plaintiff, in addition to proof of employment, offered testimony as to the extent and value of the services rendered, which was not contradicted or impeached, and which showed that he was entitled to recover a substantial amount, if entitled to recover anything. The jury found in favor of plaintiff, but only awarded him the nominal sum of one dollar. *Held*, that the verdict involves an inconsistency and is not sustained by the testimony.

Error from Allen district court; L. STILLWELL, judge. Opinion filed November 8, 1902. Reversed.

*Thompson & Thompson*, for plaintiff in error.

*W. A. Choguill*, and *Chris Ritter*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action brought by J. F. Thompson to recover from H. E. Burtis and H. M. Burtis the value of legal services rendered for them as to the cancelation and setting aside of an oil or gas lease. The plaintiff alleged and offered proof of a contract of employment, under which the facts and law as to the validity of a lease were examined. A pleading was partially prepared, but, before the same was filed or the action instituted, the defendants employed other counsel and refused compensation to plaintiff. The defendants denied that there was a contract of employment, or that there were any negotiations between the parties from which a contract to pay would be implied. Upon the issue whether or

not there was an actual employment the jury found in favor of the plaintiff, but only awarded him the sum of one dollar as compensation for his services under the employment.   Of this the plaintiff justly complains.

The contract of employment being established, and no specific compensation having been fixed by the parties, the plaintiff was entitled to recover the reasonable value of the services rendered.  The only proof as to the services rendered and the value of the same was that given by, and in behalf of, the plaintiff.  He testified as to the character and extent of his services, including the time and study he had given to the questions of fact and law that were involved in the proposed litigation. · There was testimony, too, as to the value and importance of the subject of the controversy.   The lease sought to be canceled covered 200 acres of land in the gas belt, which was shown to be of the value of $75 to $100 an acre.   The plaintiff himself testified as to the value of his services, and he produced as witnesses leading members of the bar, who united in saying that the reasonable compensation for the services rendered was from $150 to $200. The defendants rested upon the sole defense that there was no employment, and offered no proof whatever as to retainer or the value of services such as plaintiff claimed to have rendered.

The jury, it is true, was not obliged to accept as conclusive the opinions of experts as to the value of legal services, but they could not overlook competent testimony that was unimpeached.   They were required to consider the opinion evidence in connection with all other testimony and the circumstances of the case, and, in the light of these and their own general knowledge, fix the value of the services.   There was no im-

peaching testimony as to the value of the services; the witnesses testified intelligently; their testimony was in practical harmony; the employment of plaintiff was shown to the satisfaction of the jury; the extent of the services was not in dispute, and the circumstances all united to confirm the testimony and opinion of the witnesses, and to show that the plaintiff was entitled to a substantial recovery. In some way the jury were warped from the direct line of duty, and, instead of awarding a substantial sum, gave the mere nominal amount of one dollar. This was error. (*Noftzger v. Moffett*, 63 Kan. 355, 65 Pac. 670.)

When special findings are inconsistent and contradictory, the general verdict is set aside; and where, as in this case, the general verdict involves a plain and material inconsistency, it should be set aside and a new trial granted.

The verdict cannot be sustained by a fair and intelligent consideration of the evidence, and, therefore, the judgment will be reversed and the cause remanded for a new trial.

All the Justices concurring.