[L. A. No. 4517.     Department One.—July 25, 1918.]

## D. F. GLIDDEN, Appellant, v. DIAMOND 66 CATTLE AND DAIRY COMPANY (a Corporation), et al., Defendants; H. H. PETERSON et al., Respondents.

CORPORATIONS — UNLAWFUL TRANSFER OF PROPERTY — STOCKHOLDER'S SUIT TO SET ASIDE—PLEADING—DEMAND THAT CORPORATION SUE.— A complaint in an action by a stockholder of a corporation to set aside a transfer of property alleged to have been unlawfully made, is defective unless it shows a demand on the corporation that it institute the action and its refusal to do so, or that such a demand would be useless.

ID.—SPECIAL DEMURRER FOR UNCERTAINTY.—Where, in such action, averments in the complaint leave it uncertain whether or not a demand on the corporation to repudiate its former action would have been effectual, the defect becomes a mere uncertainty, which can be taken advantage of only by special demurrer.

ID.—APPEAL FROM JUDGMENT OF NONSUIT — OBJECTION TO DEFECTIVE COMPLAINT MADE TOO LATE.—Where the defendants, who obtained a judgment of nonsuit, did not point out such defect in the complaint either by demurrer or as a ground of their motion for nonsuit, they cannot be heard to urge the point in support of the judgment on an appeal by the plaintiff therefrom.

ID.—ANOTHER ACTION BY CORPORATION PENDING.—A stockholder's action to set aside a transfer of the corporate property as fraudulent or unauthorized is not affected by the fact of the corporation having sued to uphold the contract, the suits being entirely dissimilar.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial.    C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

D. F. Glidden, *in pro. per.*, and Will H. Holcomb, for Appellant.

Hendee & Rodabaugh, and F. F. Grant, for Respondents.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment of nonsuit and from an order denying the plaintiff's motion for a new trial.    The action is one commenced by the plaintiff as a director and one of the stockholders of a corpo-

ration known as the Diamond 66 Cattle and Dairy Company against said corporation, the other four directors, and two other defendants named H. H. Peterson and R. H. McGinness, the latter two being the respondents herein. The purpose of the action as set forth in the complaint was to have set aside a certain bill of sale purporting to transfer all of the property of the corporation to the defendant Peterson, the plaintiff alleging that said purported transfer was illegal, because attempted to be authorized at a special meeting of the other four directors of the corporation held without proper notification, of the holding of which meeting said plaintiff was given no notice and at which he was not present; that the property of the corporation had thus been transferred to the defendant Peterson for a sum far less than its actual value, and that as a consequence the said corporate property was being dissipated, and the plaintiff's stock, which had theretofore been worth ten dollars per share, rendered valueless. The defendant R. H. McGinness was made a party defendant because of a subsequent arrangement between himself and Peterson by which he was to assist in selling off the property, receiving therefor a share in the excess of profits above its purchase price. The defendant corporation and its four directors who were responsible for this transaction were duly served with process, but defaulted. The defendants Peterson and McGinness did not demur to the complaint, but answered, specifically denying all of its material allegations, but, after doing so, set up affirmatively certain averments in which the due execution of the bill of sale to Peterson was alleged and sought to be justified. The cause came to trial upon the issues as thus made up. The plaintiff proved the averments of his complaint as to the illegality of the meeting of the four directors of the corporation at which the transfer of its property had been sought to be authorized. He also proved by practically uncontradicted evidence that the said property of the corporation was worth several thousand dollars more than was agreed to be paid for it by Peterson.

During the cross-examination of the plaintiff it developed that three days prior to the filing of his complaint the corporation, at the instance evidently of its other four directors, had commenced an action against the defendants Peterson and McGinness, wherein the same agreement for the transfer of the property of the corporation was set up and averred to

be legal, but in which it was also averred that the said defendants were failing and refusing to comply with its terms, by reason of which an accounting was prayed for and further sales of said property sought to be restrained. A copy of said complaint was offered and admitted in the evidence by said defendants as a part of the plaintiff's cross-examination. The plaintiff having rested his case, the defendants Peterson and McGinness moved the court for a nonsuit upon the following grounds:

"That the action by D. F. Glidden, stockholder, is shown by the evidence, to have been unlawfully brought, that is not according to law, in that the corporation itself had filed a suit three days prior to the filing of the suit by the plaintiff stockholder in this case; second, that the ultimate prayers of both complaints, I mean both the corporation's complaint and the stockholder's complaint, are the same, the relief prayed for being the same."

The court granted said motion, and also later denied the plaintiff's motion for a new trial, whereupon he prosecuted these appeals.

The contention of the respondents upon these appeals is that the plaintiff as a stockholder of the corporation was not entitled to maintain this action on its behalf in the absence of either pleading or proof of a demand upon the corporation that it should institute the action, with which demand it had refused to comply. There can be no doubt that under the well-settled rules of law applicable to this class of cases the plaintiff's pleading is defective in this regard: although there are some averments in the complaint to the effect that the four directors of the corporation who were in control of its affairs acted fraudulently in authorizing and making said transfer of its property, which might make it uncertain as to whether or not any demand on plaintiff's part to have the corporation, still controlled by these directors, repudiate its former action, would have been effectual. The defect would thus become a mere uncertainty, which could only be taken advantage of by special demurrer. The difficulty, however, with the respondents' present contention is that they not only did not either by demurrer or answer direct attention to the defect, but that they did not make its existence a ground of their motion for nonsuit either specifically or through their vague objection that the action of the plaintiff was "shown by

the evidence to have been unlawfully brought.'' Having thus failed to urge this objection to the sufficiency of the plaintiff's complaint until such time in the progress of the case as the evidence presented at their own instance showed that such a demand would have been futile; and having also failed to make the point as a ground of their motion for nonsuit, and thus given the plaintiff an opportunity to correct the defect and thus avoid the force of the motion, the respondents cannot now be heard to urge the point upon this appeal.

The second ground which the defendants specified upon their motion for nonsuit was that the evidence showed that three days before the plaintiff had brought his action the corporation had itself commenced an action against the same defendants in which practically the same relief was sought. Had this been shown to be the case it would have furnished a sufficient reason why the plaintiff should be nonsuited and his action dismissed; for, aside from the matter of pleading, the plaintiff was bound to prove his right to maintain his action on behalf of the corporation by showing that the corporation had itself failed, refused, or neglected to take the necessary steps for the protection of the interests of itself and its stockholders, which, as one of the latter, he was seeking to take on its behalf; and hence a showing that the corporation had itself done previously what he was seeking to do on its behalf would necessarily have been fatal to the plaintiff's action. But the difficulty with the respondents' contention in this regard lies in the entire absence of similarity between these two suits. The plaintiff in his action seeks to have the alleged unauthorized and hence illegal transfer of the entire property of the corporation to a stranger set aside and the property or its value restored to the corporation. The corporation, on the other hand, seeks in its action to have the contract between itself and the defendant Peterson upheld and the said defendant and his associate, M'cGinness, restrained from violating it and required to account for the residue of the property received by them according to its terms. The institution of such a suit by the corporation furnished, as above stated, sufficient proof of its determination to stand by its illegal contract to have made a demand that it bring suit to set aside such contract unnecessary, and hence to have justified rather than defeated the plaintiff's action.

It follows from the foregoing considerations that the defendants' motion for a nonsuit should have been denied, and hence, also, that the plaintiff's motion for a new trial predicated upon this error should have been granted.

Judgment and order reversed.

Shaw, J., and Sloss, J., concurred.