**WALLINGFORD et al. v. ALCORN.**

No. 6539—Opinion Filed Sept. 9, 1919.

(Syllabus by the Court.)

**1. Appeal and Error—Judgment on Verdict.**

Where there is competent evidence reasonably tending to support the verdict of the jury, and the instructions of the court to the jury fairly state the law arising upon the issue raised by the pleadings and the evidence, the judgment rendered upon the verdict will not be disturbed by this court.

## 2. Evidence—Admissibility.

Evidence offered by defendants and excluded by the court examined, and held inadmissible under the pleadings.

## 3. Judgment Notwithstanding Verdict—Interest.

In a case tried by a jury, where it is clearly apparent that the prevailing party is entitled to interest upon the amount found in the verdict, and it is unquestionably clear that the jury allowed no interest, and it is clearly ascertainable from the verdict or uncontroverted facts the date from which to which interest should be allowed and the rate is fixed in the note, it is the duty of the court to make the computation and to add the interest so found to the sum found in the verdict, and to render judgment for the aggregate amount and costs.

## 4. Costs—Judgment Notwithstanding Verdict.

In actions for the recovery of money only the plaintiff is entitled, upon a judgment in his favor, to the allowance of costs, and a jury is not authorized to divide the costs between the plaintiff and the defendants.

Error from District Court, Noble County; W. M. Bowles. Judge.

Action on note by S. T. Alcorn against C. W. Wallingford and another. From judgment for plaintiff, the defendants bring error. Remanded with directions.

P. W. Cress and Henry S. Johnston, for plaintiffs in error.

Glen Alcorn and H. E. St. Clair, for defendant in error.

RAINEY, J. This is an action on a promissory note instituted by S. T. Alcorn, as plaintiff, against C. W. Wallingford and William D. Upson, as defendants. Trial was had to a jury resulting in a verdict in favor of the plaintiff for the principal of the note in the sum of $333.35. Following the amount awarded the verdict contained this language: "Without interest, and costs equally divided between plaintiff and defendants." From the judgment rendered pursuant to the verdict the defendants have appealed to this court, assigning several alleged errors, which will be hereinafter considered. The plaintiff has also filed a cross appeal, assigning as error the refusal of the court to allow the plaintiff the interest provided in the note, and the refusal of the court to tax all the costs of the proceedings against the defendants.

Plaintiff and defendants were officers and the principal stockholders of the Sumner Cotton and Grain Company. The defendant **Wallingford**, who was treasurer of said company, was also an officer of the Morrison State Bank. At the time of the execution of the note the Sumner Cotton and Grain Company was indebted in the sum of about $1,500 to said bank, and upon direction of the State Banking Department the bank requested the grain company to reduce its indebtedness. The company being without funds, it was proposed that plaintiffs and defendants, the three principal stockholders, personally advance $500 for this purpose. The plaintiff advanced his proportionate part of the $500 and, at the request of the defendants, who were without ready means, advanced their part of the money and took their joint note for $333.35. The note was signed "C. W. Wallingford, Mgr., William D. Upson, Pres."

The defense pleaded to the action was, first, that said note was the obligation of the Sumner Cotton and Grain Company; and, second, that it had been paid.

It was the plaintiff's contention that the note was the individual obligation of the defendants. There is nothing in the note disclosing that the Sumner Cotton and Grain Company is the principal, and the abbreviations, "Mgr." and "Pres." (for manager and president) added to the signatures of the defendants are merely descriptive of the persons and do not show that the company authorized the execution of the note or that it was, in fact, its obligation. However, evidence was introduced by the defendants supporting their contention that it was the company's obligation, and evidence was introduced by the plaintiff tending to prove that the note was the defendants' personal obligation. In fact this was the principal issue in the case. The court, in its instructions, fairly presented this issue to the jury, and under such instructions the jury's verdict was for the plaintiff. There being evidence in the record reasonably tending to support plaintiff's theory of the case, the jury's finding in this respect will not be disturbed.

Defendants insist that the trial court committed error in refusing to permit their counsel, in his opening statement to the jury, to state facts which, it is asserted, constituted payment by the grain company, and also say that the court erred in rejecting testimony offered by the defendants proving payment. An examination of the record discloses that the evidence rejected was in effect that subsequent to the execution of the note, and while the plaintiff, Alcorn, was manager of the grain company, he sold some cotton and a cultivator which was the property of the company and converted the proceeds to his individual use. The law undoubtedly is that it is not essential that payment should be made by the debtor himself, and even though

It is made by one who is not a party to a contract and not even in privity with the debtor, if accepted in satisfaction of the obligation of the contract, it will operate as a discharge of such obligation. 3 Elliott on Contracts, p. 84, sec. 1928.

It is not contended, however, by the defendants that plaintiff took said money or property at an agreed valuation as payment of the indebtedness represented by the note, but their contention is, as we understand it, that the conversion of said property, as a matter of law, constituted payment. Our statutes and decisions are against this view. In the case of First National Bank of Tishomingo v. Latham, 37 Okla. 286, 132 Pac. 891, we said:

"Section 4627, Comp. Laws 1909 provided that a negotiable instrument should be payable in money only, and without any condition not certain of fulfillment. But, notwithstanding the statute, the parties may by agreement between themselves fix a price at which the property delivered by the debtor to the creditor shall be valued, and when so received it constitutes a payment, and is in law equivalent to a payment of so much money. Morrill v. Baggott, 157 Ill. 240, 41 N. E. 639; Griffith v. Greighton, Adm'r, 61 Mo. App. 1; Howard et al. v. Norton, 65 Barb. (N. Y.) 161; 1 Cyc. 336; 1 A. & E. Enc. Law, 418. Under such circumstances, the delivery of the property constitutes not alone a satisfaction or settlement of the debt, but a payment thereof, as distinguished from an accord and satisfaction. It is not the result reached, namely, the extinguishment of the debt, but the means of its discharge, that we are considering. Both payment and accord and satisfaction may extinguish the debt, but by different processes. In the reported cases that we have examined, where the delivery of property pursuant to an agreement was held a sufficient payment, as such, of the indebtedness, we find that in all instances an agreed and fixed valuation was put on the property by the parties."

Numerous cases are cited in support of this principle.

There are other means of discharging a debt than by payment, such as accord and satisfaction, set-off, counterclaim, and equitable recoupment. These defenses, however, must be specifically pleaded. Continental Gin Co. v. Arnold, 52 Okla. 569, 153 Pac. 160. The facts pleaded and the evidence offered by the defendants lack some of the essential elements of each of these defenses. The defense pleaded is denominated "payment," but the evidence offered is more in the nature of equitable recoupment, though insufficient to establish this defense. There was no offer to show how much the corporation was indebted and to whom, or what part, if any, of the proceeds of the alleged converted property the defendants would be entitled to upon payment of the note. The record shows that there was other money advanced for the benefit of the corporation by Alcorn, and at the time the receiver was appointed there were still other debts owing by the corporation. Neither of these other creditors of the corporation, nor the corporation itself, or its receiver, is a party to the action. We have been unable to find any authority holding that the conversion of the property or money of a corporation by the payee of a note executed by other stockholders in the corporation on which they are individually liable constitute payment or discharge of the note.

We do not wish to intimate that the plaintiff converted any property of the corporation, for, as before stated, the proferred evidence was excluded, but, if true, as alleged, it would not constitute a defense to this action.

The jury was without authority to refuse to allow the plaintiff interest on the note. There is nothing in the record showing that any interest had been paid, nor did the defendants so contend. It is clear from the verdict that the jury did not allow any interest, and it is also clearly ascertainable from the uncontroverted facts the date from which interest should be allowed. Since the rate of interest is fixed in the note the court should have made the computation and added the interest to the sum found in the verdict and the judgment should have been for the aggregate amount. The St. Louis, El Reno & Western R. Co. v. Oliver et al., 17 Okla. 589, 87 Pac. 423. The jury was likewise without authority to divide the costs between the plaintiff and the defendants. Section 5229, Rev. Laws 1910, governs, and is as follows:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

The case is, therefore, remanded, with directions to the trial court to amend the judgment by adding to the amount found due by the jury interest on the note from its date and taxing all the costs against the defendants. As modified, the judgment is affirmed.

OWEN, C. J., and SHARP. HARRISON. PITCHFORD. JOHNSON. and HIGGINS. JJ., concur.