**BERWYN MERCANTILE CO. v. ARDMORE FLOUR & FEED CO.**

No. 13563—Opinion Filed Sept. 16, 1924.

1. **Appeal and Error—Absence of Answer Brief—Effect.**

Where the plaintiff in error has filed his brief as required by rule 7 of the rules of the Supreme Court, and the defendant in error had wholly failed to file answer briefs as required by the rule and has advanced no reason or excuse for his failure so to do, this court may continue or dismiss the cause, or reverse or affirm the judgment at its discretion.

2. **Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

In an action of purely legal cognizance the jury is the exclusive judge of the facts and their verdict will not be disturbed upon appeal if there is any competent evidence tending to support the verdict, but where the conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained and this court will reverse any judgment based thereon, and will remand for a new trial.

3. **Sufficiency of Briefs.**

The defendant in error has failed to file briefs, and an examination of the brief of plaintiff in error reasonably sustains the assignments of error therein set f rth.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3

Error from County Court, Carter County; M. F. Winfrey, Judge.

Pottorf & Grey, for plaintiff in error.

J. M. Poindexter, for defendant in error.

Action by Ardmore Flour & Feed Company against Berwyn Mercantile Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Opinion by RUTH, C. The defendant in error being plaintiff below and plaintiff in error being defendant below, they will be so designated in this opinion.

This action was originally filed in the justice of the peace court, and the plaintiff sought to recover of the defendant the sum of $61.50 for 1,000 lbs. of flour alleged to have been delivered by plaintiff to defendant. The cause was appealed to the county court of Carter county, by the defendant, the cause tried to a jury, and a verdict returned for plaintiff, for the sum of $30.75, and the costs to be equally divided between plaintiff and defendant. After motion for a new trial was overruled this cause was brought here regularly for review.

The plaintiff in error filed its brief as required by rule seven of the rules of this court, but the defendant has neither filed answer briefs nor assigned any reason or excuse for its failure so to do.

The rule provides:

"In case of failure to comply with the requirements of this rule the court may continue or dismiss the cause, or reverse or affirm the judgment at its discretion."

We have carefully considered the brief herein filed and it discloses the following: Plaintiff, in October, 1920, received a phone message purporting to be from Charley Thomas, then in the employ of defendant at Berwyn, Okla., requesting plaintiff to ship from Ardmore, a distance of 13 to 15 miles, 1,000 lbs. of Pride of Perry flour, at the agreed price of $61.50. The plaintiff delivered the flour to Tom Reed who ran a truck line from Ardmore to Berwyn. The flour was consigned to defendant but Reed did not remember whether he delivered it or not. For defendant, Charley Thomas testified he did not order any "Pride of Perry" flour from plaintiff, on that date or any other date. The manager, bookkeeper, and clerks at defendant's store, testified they never received any Pride of Perry flour, never had any in stock: had an exclusive line of "Lily White" and afterwards a line of "Gilt Edge."

With the facts we are not concerned in

this opinion. There was a sharp conflict of evidence, and the questions of fact and the inferences to be drawn therefrom are exclusively for the jury. There was no controverted question as to the number of pounds of flour shipped or the price thereof. If the defendant ordered the floor and received it, the defendant owed plaintiff $61.50, and this should have been the verdict of the jury and the cost taxed against the defendant. If the defendant never ordered the flour and never received it, the verdict should have been for the defendant.

Section 771, Comp. Stats. 1921, provides:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific personal property."

In Wallingford et al. v. Alcorn, 75 Okla. 295, 183 Pac. 726, this court held:

"In actions for the recovery of money only, the plaintiff is entitled upon a judgment in his favor, to the allowance of costs, and a jury is not authorized to divide the costs, between the plaintiff and defendant."

The jury returned the following verdict:

"We, the jury, impaneled and sworn in the above entitled cause, do upon our oaths, find for the plaintiff and fix the amount of their recovery at $30.75. One-half the costs to be paid by the plaintiff, one-half of the cost to be paid by the defendant."

The sum of $30.75 was half the sum sued for. There was no evidence that defendant had ordered or received one-half the flour alleged to have been shipped; there was no evidence that plaintiff had shipped but one-half the flour alleged to have been ordered. There was no hypothesis presented by the evidence upon which such a verdict could be justified.

"Where a verdict cannot be justified upon any hypothesis presented by the evidence, it would be unjust to permit it to stand. The jury are not permitted to disregard the law and the evidence and arbitrate the matters submitted to them according to their own theories of what may be right between parties, which is in reality, deciding it merely according to their own whim, and in disregard of the evidence given at the trial." Early v. Johnson, 85 Okla. 466, 160 Pac. 482; 2 Thompson on Trials, 2606; Thompson v. Burtis et al., 65 Kan. 674, 70 Pac. 603; Whitney v. Milwaukee, 65 Wis. 409, 27 N. W. 39; Gartner v. Saxon, 19 R. I. 461, 36 Atl. 1132; Schrader v. Hoover, 87 Iowa, 654.

"In an action of purely legal cognizance, the jury is the exclusive judge of the facts, and their verdict will not be disturbed upon appeal if there is any competent evidence tending to support the verdict, but where the conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained, and this court will reverse any judgment based thereon, and will remand for a new trial." Morris v. Purcell Bank & Trust Co., 85 Okla. 45, 204 Pac. 436; Elson v. Walker et al., 80 Okla. 237, 195 Pac. 899; City of Duncan v. Tidwell, 48 Okla. 582, 150 Pac. 112; Pahlka v. C., R. I. & P. Ry. Co., 62 Okla. 223, 161 Pac. 544.

Upon consideration of the briefs herein filed we find the assignments of error are reasonably sustained thereby, and for the reasons herein stated, the judgment of the trial court should be reversed and a new trial awarded.

By the Court: It is so ordered.