## GARDNER PETROLEUM CO. v. LOOPER.

No. 15118—Opinion Filed Jan. 20, 1925.

**1. Principal and Agent—Authority of Agent —Proof—Employment of Teamster.**

Defendant's superintendent, R., contracted with E. to do certain hauling. E. employed L., a teamster, to do some of the actual hauling. L., upon hauling the second load, asked H., the foreman of the pipe line force, "Who paid for the hauling?" H. replied, "We do. * * * About the 10th." Held, insufficient to charge the defendant with any liability to the plaintiff.

**2. Principal and Agent—Proof of Agency.**

Agency is never presumed, but is a question of fact to be proved, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency.

**3. Appeal and Error—Reversal—Failure of Evidence.**

Notwithstanding this court will not disturb a judgment rendered upon a verdict of a jury where there is any competent testimony reasonably tending to support the same, nevertheless, where there is a total lack of material, competent testimony to support such verdict, it is the duty of the court to sustain a demurrer to the plaintiff's evidence, timely interposed, and failure to do so is such error as will be corrected by this court by a reversal of such judgment.

**4. Same.**

Recor examined, and held, there is no material competent testimony disclosed by the record to sustain the verdict.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Okfuskee County; John L. Norman, Judge.

Action by S. L. Looper against Gardner Petroleum Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Floyd C. Dooley and J. B. Patterson, for plaintiff in error.

H. A. Gassaway, for defendant in error.

Opinion by RUTH, C. This is an action originally filed in the justice of the peace court for Okfuskee county, wherein the defendant in error seeks to recover $168 from the plaintiff in error for hauling certain 2-inch pipe for a gas line between certain wells.

The cause comes here from the district court of Okfuskee county, and the parties will be designated as they appeared in the trial court.

The cause was tried to a jury in the district court; the defendant demurred to plaintiff's evidence; the demurrer was overruled; the jury returned a verdict for the plaintiff, upon which judgment was entered, and defendant regularly brings this cause here for review.

The complaint of the plaintiff alleges he performed the work at the special instance and request of the defendant, but upon the trial of the cause he testified he did the hauling at the request of a Mr. Eslick, who was a hauling or teaming contractor. That after he hauled the second load plaintiff saw a Mr. Harris, who was in charge of the force of men laying the two-inch pipe line, and plaintiff was permitted to testify as to what Harris said to him respecting the manner and source of his pay for the work without showing any agency or authority of Harris to employ any one for the defendant company. John Looper, brother of plaintiff, was permitted to testify, over the objection of defendant, as to the conversation between Harris and plaintiff.

It appears that when plaintiff saw Harris the following conversation was held: "Q. Who pays off for this work? A. We do. Q. When do you pay? A. The tenth."

We gather from all the testimony that Harris was simply the foreman or superintendent of the force laying this two-inch line, and nowhere does Harris state or intimate that he has any authority to employ any person for the hauling of pipes or for any other purpose, and no effort was made to prove agency in any manner, and the admission of the conversation between Harris and plaintiff was clearly erroneous.

Even though Harris had said he had authority to employ plaintiff this of itself would not have been sufficient to prove agency, and agency is never presumed.

In the very recent case of Loveland v. Austin, 97 Okla. 175, 223 Pac. 394, this court said:

"Agency is never presumed, but is a question of fact to be proved, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency."

To the same effect is Davis v. Decker Bros. Co., 92 Okla. 177, 218 Pac. 518:

"Agency cannot be proved against another by evidence of the declarations of an agent, and, where one purports to act as agent for another, that fact of itself is not sufficient evidence upon which to submit the question of agency to the jury." Thorp Oil and Specialty Co. v. Home Oil Refining Co., 79 Okla. 225, 192 Pac. 573; Oklahoma Au-

tomobile Company v. Benner, 70 Okla. 261, 174 Pac. 567.

Mr. Gassoway, attorney for plaintiff, was permitted to testify that he called the Gardner Petroleum Company over the phone, and while he does not know who it was he talked to or whether they had any authority to make any statement for the company, he was permitted to testify that the party on the other end of the line stated that "he did not know anything about the matter, but would have to look it up." That this party stated subsequently, over the phone, that there was about $160 due for this hauling, and that sometime afterwards Gassoway called defendant's office and was informed that it was discovered that a man by the name of Eslick was the contractor for hauling this pipe, and had been paid in full.

Evidence of Gassoway was clearly incompetent, irrelevant, and immaterial. It did not tend to prove any issue in the case, and its only force and effect was perhaps to influence or prejudice the jury, and its admission was error.

The record discloses that one Fred H. Reusch was general superintendent and field manager for defendant company, and as such made a contract with Eslick to haul all material for this line. Eslick employed men who owned teams to do the actual hauling. One Fred Sharkey did some of this hauling under contract with Eslick and received his money from Eslick.

Plaintiff was employed by Eslick but was not paid for his work. Whether Eslick absconded or not does not appear in the record and is immaterial. The plaintiff made his contract with Eslick, and the defendant paid Eslick in full.

While it is unfortunate that plaintiff did not receive pay for his work, under the state of this record, this court cannot afford him the relief sought, as there was no competent evidence to charge the defendant with any liability to the plaintiff, and the trial court should have sustained the demurrer of defendant to plaintiff's evidence.

For errors appearing in the record the judgment of the trial court should be reversed, and this cause remanded with instructions to grant the defendant a new trial.

By the Court: It is so ordered.

Note.— See under (1) 2 C. J. p. 935; (2) 2 C. J. pp. 919, 945; (3) 4 C. J. pp. 853, 904.