**STATE ex rel. KALER v. SCHOOL DISTRICT NO. 35 OF OKMULGEE COUNTY et al.**

No. 16356—Opinion Filed May 25, 1926.

(Syllabus.)

**Appeal and Error—Sufficiency of Evidence—Conclusiveness of Verdict.**

In an action of purely legal cognizance, the jury is the exclusive judge of the facts, and their verdict will not be disturbed upon appeal, if there is any competent evidence tending to support the verdict, but, where the conclusion of the jury is not sustained by any reasonable hypothesis that can be based upon the proved and uncontroverted facts of the record, the verdict of the jury cannot be sustained, and this court will reverse any judgment based thereon.

Error from Superior Court, Okmulgee County, Henryetta Division; J. H. Swan, Judge.

Action by the State of Oklahoma ex rel. T. M. Kaler, against School District No. 35 of Okmulgee County, Levi Pickering, J. M. Calhoun, and John Smith, members. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

William C. Alley, for plaintiff in error.

E. W. Smith, for defendants in error.

PHELPS, J. Levi Pickering, J. M. Calhoun, and John Smith constituted the school board of school district No. 35, a common school district of Okmulgee county, and while acting as such board they purchased a Ford automobile truck, for which they paid the sum of $702.11 from the funds of the school district. Their terms expired, and their offices having been filled by others, the relator, T. M. Kaler, caused written demand, signed by ten resident taxpayers, to be served upon the school board, demanding that such board immediately institute and diligently prosecute a suit on behalf of the school district to recover from said Levi Pickering, J. M. Calhoun, and John Smith double the amount paid for such truck, as provided by section 10384, Comp. Stats. 1921, upon the grounds that the expenditure of such funds was fraudulent, unauthorized, and in violation of the statutes of the state, and when said board refused to institute such proceeding this action was commenced by the state of Oklahoma ex rel. T. M. Kaler in the district court of Okmulgee county to recover, on behalf of said school district, the sum of $1,404.22. The cause was transferred to the superior court of Okmulgee county, where it was tried before a jury; which returned a verdict for the defendants, upon which verdict the court rendered judgment, to reverse which this appeal is prosecuted.

It is the contention of plaintiff that there was no evidence to justify the verdict of the jury in favor of defendants, and that the court erred in refusing to direct a judgment for the plaintiff. The official capacity of the defendants, the purchase of the truck by them with the school district's funds, the service of demand upon the school board demanding that they file suit, and the fact that all parties signing such notice were residents of the district, and the character of the school district, are all questions about which there is no dispute, and in the defendants' brief they claim that the defendants did not profit personally by the transaction and were not aware that they were not properly spending the school district's funds in the purchase of the truck, and seem to base their entire defense upon the proposition that two of the persons who signed the demand for the institution of the action were not taxpayers in that they had not yet paid their taxes, although their names properly appeared upon the tax rolls, and the further proposition that in proving that J. N. Brandon, one of the signers of the petition, was a resident taxpayer of the district, his tax receipt was introduced in evidence and there was some dispute as to whether the tax receipt was made out to J. N. Brandon or J.

W. Brandon, the defendants claiming that if the initial was a "W" the tax receipt was not admissible in evidence, although the evidence further disclosed that J. N. Brandon and Allen Brandon were the only persons by the name of Brandon living in that district. The court admitted the tax receipt in evidence and left the question to the jury as to whether the initial was a "W" or an "N", and defendants claim that, inasmuch as the jury returned a verdict for the defendants, they necessarily found that the initial was a "W," and from this argue that the petition was not signed by ten taxpayers as required by statute. With such "hair splitting technicalities" we have but little patience.

In the light of all the evidence, it makes no difference whether the initial was an "N" or a "W," as there can be no doubt that the tax receipt was made out and intended for the same person who signed the demand as J. N. Brandon, and the court properly admitted the tax receipt in evidence.

The real question presented by the action in the lower court is whether the school board was authorized to expend the funds of the district for the truck in question, and whether the expenditure and the remedy fall within the contemplation of sections 10383 and 10384, Comp. Stats. 1921, and on this question there seems to be no dispute. We know of no law, and none is cited in defendants' brief, authorizing such expenditure.

It is further contended that, following the well-established law of this state, where there is any evidence reasonably tending to support the verdict of the jury the same will not be disturbed on appeal, but the law is equally well-settled in this state that where a verdict cannot be justified upon any hypothesis presented by the evidence, a judgment rendered thereon will not be permitted to stand, since the jury are not permitted to disregard the law and the evidence and arbitrate the matter submitted to them according to their own theory of what may be right between the parties. Earley v. Johnson, 58 Okla. 466, 160 Pac. 482; Berwyn Mercantile Co. v. Ardmore Flour & Feed Co., 100 Okla. 245, 229 Pac. 244; Gardner Petroleum Co. v. Looper, 105 Okla. 297, 232 Pac. 949; Oklahoma Union Ry. Co. v. Houk, 109 Okla. 187, 35 Pac. 499.

A careful examination of the record in this case convinces us that there is no evidence to sustain the verdict of the jury, and the cause is therefore reversed and remanded, with directions to grant a new trial.

All the Justices concur, except HARRISON, J., absent.

Note.—See 4 C. J. p. 853 § 2834; p. 856 § 2835; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.