Common Pleas Court of Hamilton County.

FLORENCE SEYMOUR V. TRAVIS CARROLL, ET AL.

Decided May 22, 1931.

*Clark & Robinson*, for plaintiff.

*Harry Neal Smith* and *Frank L. Leonard*, for defendant.

MATTHEWS, J.

This case comes before the Court upon the plaintiff's demurrer to the second defense in defendants' answer, on the ground that it does not state facts sufficient to constitute a defense.

The petition states a cause of action for malpractice

against the defendants in the treatment of a fracture of the plaintiff's left arm.

The defendants in their answer by way of second defense, to which the demurrer now before the Court for decision is directed, allege that the plaintiff on or about the thirtieth day of May, 1929, was injured in falling on some concrete steps located at a house owned by one Hugh Doran; that· the injury received consisted in a fracture of the bones of the forearm; that said injuries are the same and the only ones which the defendants were employed to and did treat, and that the only treatment, care and services rendered or performed by the defendants for the plaintiff were for and on account of said injuries.

It is also alleged that on or about the first day of July, 1929, the plaintiff made a claim against Hugh Doran, the owner ·of the concrete steps and house, for damages on account of the personal injuries sustained as aforesaid. That on or about said date, the plaintiff was paid the sum of five hundred ($500.00). dollars, in full settlement and satisfaction of any and all claims for personal injuries which the plaintiff had or may have against said Hugh Doran, by reason of said accident occurring on or about the thirtieth of May, 1929, and that thereupon the plaintiff executed a receipt and release in words and figures as follows, to wit:

"Know all Men by These Presents, that I, Mrs. Charles Seymour of Cincinnati, Ohio, in consideration of the sum of Five Hundred Dollars ($500.00) received to my full satisfaction of Hugh Doran of Cincinnati, Ohio, due for myself, my executors, administrators and assigns, hereby release and forever discharge the said Hugh Doran, his executors, administrators and assigns, from all debts, claims, demands, damages, actions, and causes of action whatsoever, and including such as have arisen by reason of, or in any manner grow out of my falling on the concrete steps extending from the front of the house known as 325 Ellen Street in Cincinnati, Ohio, on May 31, 1929, which steps are on the property owned by said Hugh Doran.

In Witness Whereof, I have hereunto set my hand at Cincinnati, Ohio, this —— day of July, A. D. 1929..

Mrs. Charles Seymour."

It is further alleged that the sum was paid to the plaintiff for the injuries received by reason of said accident, and said injuries are the same injuries treated by the defendants and described in the plaintiff's petition herein, and that all claims and damages of the plaintiff against these defendants, if any, she had, have been fully satisfied and discharged.

In passing upon the legal sufficiency of this defense, it is necessary to consider the state of the law of this jurisdiction with reference to contracts and acts done that inure to the benefit of a third person, as well as the law relating to the interpretation of various forms of settlement agreements.

It has long been the law of this state that a contract made by one person that inures to the benefit of another may be enforced by that other. *Crumbaugh* v. *Kugler,* 3 Ohio St., 544; *Emmitt* v. *Brophy,* 42 Ohio St., 82. The case at bar does not involve that identical principle. It does incidentally involve the question of whether or not a liability of one person can be discharged or paid by a third person not in privity. The modern law generally is that payment, satisfaction or discharge, no matter at whose instance, has the effect of completely obliterating the obligation and thereby precludes the maintaining of an action upon it against any and all persons originally bound. *Wallingford* v. *Alcorn,* 75 Okl., 295; *Bradley Metcalfe* v. *McLaughlin,* 87 Okl., 34.

If a third person can take advantage of an executory contract made for his benefit, certainly by all the stronger reasons can he take advantage of an executed contract such as payment inuring to his benefit.

There is presented then the question of whether or not the chose in action sued upon herein is the same or a part of the same chose in action which was the subject matter of the release pleaded. What was the claim against Hugh Doran that was released? The plaintiff had been injured through the alleged negligence of Hugh Doran. In an action against him for damages on account of said injuries, what would be the measure of damages? It seems to the Court that this question is definitely

answered in the case of *Loeser et al vs Humphrey*, 41 Ohio St., 378. The syllabus of that case is as follows:

"L. & Co., carelessly and negligently left their horse, which was harnessed and hitched to their wagon, standing in a public street without being properly tied and guarded. The horse ran away, and the wagon violently collided with the wagon of Mr. H., in which he was sitting, whereby he received severe bodily injury. At the time of his injury, H. was free from contributory negligence. Immediately after his injury he employed a physician 'of good standing and reputation,' placed himself under his treatment, and followed his directions. *Held*, 1. That although the physician may have omitted to apply the remedy most approved in similar cases, and by reason thereof, the damage of H. may not have been diminished as much as it otherwise would have been, he may still recover of L. & Co. for his actual damage."

The injuries of the plaintiff in that case, as stated in the opinion of the Court, were that:

"* * * by reason of the collision and accident, the plaintiff had suffered a concussion of the spinal chord and brain, resulting in an injury to his eyesight, which was thereby much impaired; and that in consequence of his injuries, his ability to walk was also much impaired, with other consequential damage."

The defendants gave testimony tending to prove that the ordinary approved medical treatment in such cases was to administer currents of electricity to the patient and the injured parts, and if such had been done in that case, the condition of the plaintiff would have been better than it was; but for want of such treatment his condition was rendered worse, and more likely to be permanent than it would have been had electricity been applied.

In that state of the evidence, the court charged the jury that * * * if the plaintiff employed a physician of good standing and reputation * * * though the physician may not have used all the approved remedies, or that remedy which would have been most suitable in the case, or which a good medical man would have used under the circumstances, and on account of the failure to use such usual or proper remedy, his condition is worse than it would be had it been used; still, plaintiff

may recover for his actual damages, if he himself has not been negligent; and such treatment or failure to use such remedy merely, will not prevent him from recovering the full extent of his injuries as aforesaid.

The Supreme Court held that the charge as given was a proper charge.

The rule is recognized in *Purchase* v. *Seelye,* 231 Mass., 434; 8 A. L. R., 503 and the case distinguished by the fact that the surgeon made a mistake in the identity of the patient he was treating and operated on him not to remedy the actual injury but for an entirely different injury. The court held that the original wrongdoer was not liable for the injury caused by the operation, a release of his liability in full was not a release of the surgeon. The *annotation* to the case in *A. L. R.* at 507 shows the authorities are in harmony on this subject.

These cases are authority for the proposition that the liability of Hugh Doran for all of the damage naturally and directly flowing from his negligent act, included such damage as might be caused from lack of professional skill of the physician which the plaintiff in the exercise of diligence obtained to treat her injuries. With that in mind let us consider the terms of the release. It will be observed the release recites that the five hundred ($500) dollars was received "to my full satisfaction," and that the plaintiff does "for myself, my executors, administrators, and assigns, hereby release and forever discharge the said Hugh Doran, etc., from all debts, claims, demands, damages, actions, and causes of action whatsoever, and including such as have arisen by reason of, or *in any manner grow out* of my falling on the concrete steps."

That certainly is language sufficient to entirely extinguish every claim, proximate or remote, against Hugh Doran in the premises, and that being true, it included any damage resulting from the unskillfullness of the physician and surgeon.

It seems to the court that the law stated in the first paragraph of the syllabus in the case of *The Adams Express Company* v. *Beckwith et al.,* 100 Ohio St., 348, controls this case.

"1. A written release in general and unqualified terms, made and executed upon legal consideration between a party wronged and one or more of the persons charged with the commission of the wrong, is presumed in law to be a release for the benefit of all the wrongdoers."

Hugh Doran and the defendants in this action were not joint tort feasors, but the law stated in *Adams Express Company* v. *Beckwith, supra,* is not limited to joint tort feasors. A study of the syllabus leads to the conclusion that the court made a conscious effort to avoid limiting the rule to joint tort feasors.

The rule aforesaid announced in *Adams Express Company* v. *Beckwith, supra,* was approved and applied in *The Cleveland Ry. Co.* v. *Nickel,* 120 Ohio St., 133 and at 137, the court said:

"Both reason and authority support the rule that, when there has been full satisfaction and compensation for such injury, each and all of the several tort feasors are released from further obligation, regardless of whether one or all paid the amount which it had been found would constitute full compensation for plaintiff's injury."

In 23 Ruling Case Law at 406, the author states the rule applicable to a release where one person is liable with others, and one person is liable only for a part of the damage caused, and he says:

"Where a person liable with others for an injury, is liable only for the part contributed by him, a release to him does not release the others, unless it is shown as a matter of fact that the release was given on a consideration which was intended to compensate the injured party for the entire injury."

The defendants in this action were liable, if at all, for part of the damage, whereas Hugh Doran was liable for the entire damage. Certainly if a release to the defendants in proper language would have released Hugh Doran, similar language in a release to Hugh Doran would have the effect of releasing the defendants.

A case identical in all essentials with the case at bar is that of *Guth* v. *Vaughan,* 231 Ill. App., 143. Plaintiff was struck by an automobile and received a fracture of the femur of the right leg. It was claimed that the de-

fendant who was a physician was guilty of malpractice, in that as the result of his treatment the ends of the fractured bone were not kept in apposition, they overlapped about two inches at an angle. The defendant pleaded a release obtained by the owner of the automobile upon payment by him of two hundred and twenty-five ($225) dollars. This release was in the following language:

"Received of Milton S. Florsheim the sum of two hundred twenty-five and no/100 dollars ($225) which I (Being of lawful age) acknowledge to be in full accord and satisfaction of a disputed claim growing out of bodily injuries sustained by me on or about the 6th day of July, 1918, at or near Sheridan Road and Roscoe Street, for which bodily injuries I have claimed the said Milton S. Florsheim to be legally liable, which liability is expressly denied, and in consideration of said sum so paid, I hereby remise, release and forever discharge the said Milton S. Florsheim, heirs, successors, administrators and assigns, from any and all actions, cause or causes of actions, claims and demands, for, upon, or by reason of any damage, loss, injury or suffering which heretofore has been, or which hereafter may be, sustained by me in consequence of such accident and injury."

After reviewing many authorities the court held that regardless of whether the owner of the automobile was actually liable, the fact was, a claim of liability had been made and that claim settled in full, and that included the damage done by reason of the malpractice of the physician, and, therefore, the release was a complete defense in an action against the physician.

Several cases have been cited dealing with the effect of a settlement under the Workmen's Compensation Act by the employer with his employee on the liability of the employer and the physician for malpractice. The court is of the opinion that those cases are not applicable to the case of releases of common law liability for the reason that the Workman's Compensation Act in most states either expressly or impliedly limits the effect of the settlement thereunder.

For the foregoing reasons the demurrer to the second defense is overruled.